**Douglas T. DeWITT, Appellant,**

v.

**DIRECTOR, STATE EMPLOYEES WORKERS' COMPENSATION DIVISION, Appellee.**

No. 03–94–00192–CV.

Court of Appeals of Texas, Austin.

March 29, 1995.

Kevin B. Miller, Law Offices of Kevin B. Miller, San Antonio, for appellant.

Dan Morales, Atty. Gen., Kathryn Figueredo and Joseph A. Pitner, Asst. Attys. Gen., Tort Litigation Div., Austin, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

CARROLL, Chief Justice.

Appellant Douglas T. DeWitt brought suit against Director, State Employees Workers' Compensation Division ("appellee") based on appellee's handling of his worker's compensation claim, arguing in essence that the State owes its employees a duty to handle claims for workers' compensation benefits fairly and in good faith analogous to the duty of good faith and fair dealing imposed on private insurance carriers. The trial court granted summary judgment in favor of appellee on grounds of sovereign immunity and statute of limitations. We will affirm the trial-court judgment.

## BACKGROUND

In July 1986, DeWitt suffered a cerebral hemorrhage as a result as his cadet training at the Texas Department of Public Safety Academy (the "DPS Academy"). As an employee of DPS, DeWitt was covered by worker's compensation through the State Employees Workers' Compensation Division, so he filed a claim for worker's compensation. Appellee questioned whether or not the stroke was compensable and denied DeWitt's claim on September 26, 1986. A hearing was held before the Industrial Accident Board (the "Board"),[1] which awarded worker's compensation benefits to DeWitt. Appellee appealed the Board order in a suit to set aside the award. The case was tried before a jury, and DeWitt was awarded statutory total lifetime benefits. Appellee appealed the trial-court judgment, which was affirmed by the court of appeals. *Director, State Employees Workers' Compensation Div. v. Douglas Todd DeWitt*, No. 06–90–054–CV (Tex. App.—Texarkana June 25, 1991, writ denied) (not designated for publication).

1. The name of the Industrial Accident Board has since been changed to the Texas Workers' Compensation Commission. Act of Dec. 12, 1989,

DeWitt contends that before the denial of his claim, appellee had obtained a medical report from one of DeWitt's treating physicians, Dr. Hans Haydon, which clearly stated that the stroke was related to his training at the DPS Academy and was therefore compensable. DeWitt claims that appellee acted in bad faith by denying coverage and failing to disclose Dr. Haydon's opinions to other treating physicians, the Industrial Accident Board, and his attorney. Accordingly, DeWitt sued appellee, alleging a breach of a claimed duty of good faith and fair dealing in the handling of his worker's compensation claim, as well as insurance code violations, fraud, negligence, and gross negligence. The trial court granted appellee's motion for summary judgment on grounds of sovereign immunity and statute of limitations. In a single point of error, DeWitt contends that the trial court erred in granting summary judgment, arguing that sovereign immunity has been waived by the Texas Tort Claims Act and that his cause of action is not barred by the statute of limitations.

## DISCUSSION

The Texas Supreme Court has held that "there is a duty on the part of workers' compensation carriers to deal fairly and in good faith with injured employees in the processing of compensation claims." *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 212–13 (Tex.1988). *See also Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 176 (Tex.1987). DeWitt asserts that had appellee been a private insurance company, there is no question that there would be liability. However, appellee is not a private insurance company; it is a state agency. DeWitt attempts to hold the State liable for a bad-faith insurance practice as if it were a private insurance company, but he provides no authority for his underlying premise that the State owes its employees a duty to deal fairly and in good faith concerning claims for workers' compensation benefits.[2] We need not address whether the

71st Leg., 2d C.S., ch. 1, art. 17, § 17.01, 1989 Tex.Gen. Laws 1, 115.

2. DeWitt cites *Jackson v. City of Galveston*, 837 S.W.2d 868 (Tex.App.—Houston [14th Dist.]

State owes its employees a duty to handle workers' compensation claims fairly and in good faith, however, since we have determined that the supreme court's recent pronouncement in *University of Texas Medical Branch at Galveston v. York*, 871 S.W.2d 175 (Tex.1994), disposes of DeWitt's claimed cause of action.

Under the doctrine of governmental immunity, the state and its agencies are not liable for the negligence of employees unless the state consents to be sued through a constitutional or statutory provision for liability. *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976). To waive governmental immunity, the legislature must use clear and unambiguous language. *Duhart v. State*, 610 S.W.2d 740, 742 (Tex.1980). In 1969 the legislature enacted the Texas Tort Claims Act to waive governmental immunity in limited circumstances. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101 (West 1986 & Supp. 1995). Section 101.021 of the Act provides that the state may be sued and held liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of his employment if:

(A) the property damage, personal injury, or death arise from the operation or use of motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) *personal injury and death so caused by a condition or use of tangible personal property* if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* § 101.021 (emphasis added).

In *York*, the court disposed of a medical malpractice cause of action, holding that while paper can be touched, information recorded on paper is not tangible personal property. 871 S.W.2d at 179. The court

ruled that failure to record information and failure to rely on information that was recorded in a medical file does not constitute a use of tangible personal property that waives governmental immunity:

While the paper on which doctors and nurses may record information about a patient's condition is tangible in that paper can be seen and touched, information itself is an abstract concept, lacking corporeal, physical or palpable qualities. *Information thus, is tangible; the fact that information is recorded in writing does not render the information tangible property.*

*Id.* at 178–79 (emphasis added). DeWitt argues that Dr. Haydon's written report is tangible personal property and that is was appellee's use of the report—the concealment of the report—that caused DeWitt's injury. Appellee responds that it is immune from liability even if negligent because the alleged negligent acts did not involve the use of tangible personal property.

DeWitt urges us to limit *York* to its medical malpractice context. He insists that he was harmed by appellee's failure to release the piece of paper containing Dr. Haydon's report, as distinguished from harm caused by the use of nonuse of information. Any attempt to distinguish DeWitt's case from *York* on this basis ignores a key similarity: It was the *failure* to release the information contained in the report that harmed DeWitt, not the physical condition of the written report itself. As the dissent in *York* observes and protests, "[I]t is not the tangible physical file that counts, but the mental informational content, which [the court] concludes is not 'tangible.'" *Id.* at 180.

Appellee treated DeWitt poorly in the handling of his worker's compensation claim. However, the state is liable only if its governmental immunity has been waived. *York* holds that "the Legislature has not, by clear and unambiguous language, eliminated governmental immunity for injuries resulting from the misuse of information, even if that information is recorded in writing." *Id.* at 179. Because DeWitt's cause of action in

1992, writ denied), among his post-submission authorities. However, in that case the Houston Court of Appeals left unresolved the question of

whether the City of Galveston owed appellant a duty to deal fairly and in good faith concerning his claim for workers' compensation benefits.

tort involves the misuse of information recorded in writing, we hold that it is precluded by *York*.

Because of our resolution of this issue, we need not address whether DeWitt's cause of action was barred by the two-year statute of limitations. We overrule DeWitt's sole point of error and affirm the trial court's judgment.