**Rodger KUHL, Petitioner,**

v.

**The CITY OF GARLAND, Respondent.**

No. 95–0419.

Supreme Court of Texas.

Nov. 2, 1995.

Rehearing Overruled Dec. 22, 1995.

John E. Wall, Jr., Dallas, for Petitioner.

John M. Skrhak, Jr., Kevin T. Crocker, Dallas, for Respondent.

PER CURIAM.

The issue presented is whether the 1989 version of the Political Subdivisions Law, *see* section 504.002 of the Texas Labor Code, waives the City of Garland's governmental immunity for allegedly firing an employee in retaliation for filing a workers' compensation claim. We held in *City of La Porte v. Barfield*, 898 S.W.2d 288, 297 (Tex.1995), that the 1981 version of the Political Subdivisions Law waives governmental immunity for such retaliatory discharges, but only for the limited relief of reinstatement and back pay. Based on our reasoning in *City of La Porte*, a majority of the court holds that the 1989 Political Subdivisions Law likewise waives governmental immunity for retaliatory discharges, and in addition to reinstatement and back pay authorizes recovery of actual damages, subject to the restrictions of the Texas Tort Claims Act. We therefore reverse the judgment of the court of appeals, which held that sovereign immunity applied, 851 S.W.2d 876, and remand this cause to the trial court for further proceedings.

Rodger Kuhl, a sanitation worker with the City of Garland, filed a claim for workers' compensation after suffering a workplace injury. The City subsequently fired Kuhl in April 1991, alleging that he was incapable of fulfilling his job requirements. Kuhl responded by suing the City under section 451.001 of the Texas Labor Code (the Anti–Retaliation Law), which prohibits an employer from discharging an employee for filing a workers' compensation claim. The City moved for summary judgment solely on the basis of sovereign immunity. The trial court granted the City's motion, and the court of appeals affirmed. 851 S.W.2d at 885.

The Political Subdivisions Law, first enacted in 1973, requires governmental entities to provide compensation benefits to their employees. *See* TEX.LAB.CODE § 504.011. This statute provides guidelines for those benefits, incorporating various provisions of the Texas Workers' Compensation Act. *Id.* § 504.002. In 1981, the Legislature amended the Political Subdivisions Law to incorporate the Anti–Retaliation Law. Act of May 31, 1981, 67th Leg., R.S., ch. 352, § 3. The 1981 amendments further provided, however, that "if the city provides by Charter or ordinance for ultimate access to the district court for wrongful discharge, [the Anti–Retaliation Law] is not applicable; ...." *Id.* In *City of La Porte v. Barfield*, 898 S.W.2d 288, 297 (Tex.1995), we concluded that the Legislature, by these 1981 amendments, waived a

city's sovereign immunity for liability under the Anti–Retaliation Law, but only for the limited relief of reinstatement and back pay.

Although the specific controversy presented in *City of La Porte* involved the 1981 version of the Political Subdivisions Law, the Court also discussed the effects of the 1989 amendments to that statute, which apply in the present case since Kuhl was fired in 1991. *See* Act of December 12, 1989, 71st Leg., 2d C.S., ch. 1, § 17.18(c). The 1989 version, which likewise incorporates the Anti–Retaliation Law, requires a person bringing a wrongful discharge action to elect between that remedy and the Whistleblower Act.[1] *See* Tex.Lab.Code § 504.003. It further provides as follows:

> Neither this chapter nor [The Workers' Compensation Act] authorizes a cause of action or damages against a political subdivision or an employee of a political subdivision beyond the actions and damages authorized by Chapter 101, Civil Practice and Remedies Code [The Tort Claims Act].

Tex.Lab.Code § 504.002(c). The Court concluded in *City of La Porte* that the Legislature, by these 1989 amendments, waived a city's immunity for retaliatory discharge claims subject only to the limitations of the Tort Claims Act. 898 S.W.2d at 299. For example, the Tort Claims Act caps actual damages and prohibits punitive damages. Tex.Civ.Prac. & Rem.Code §§ 101.023, 101.024. We indicated that these damage limitations would likewise apply to retaliatory discharge claims against a city. 898 S.W.2d at 299. We further suggested, however, that the reference to the Tort Claims Act did not incorporate that Act's requirement that, for immunity to be waived, the injury arise from the operation or use of a motor vehicle or motor driven equipment or the condition or use of tangible personal or real property.[2] 898 S.W.2d at 298. We reasoned that such a literal interpretation would not only bar all retaliatory discharge claims, but would also bar all basic workers' compensation claims that did not fit within the limited waiver of immunity. 898 S.W.2d at 298. We noted

that, despite the literal language of the statute, "[i]t seems quite implausible that the Legislature would have allowed public employees compensation benefits since 1973, and then in 1989 would have greatly restricted those benefits to the very limited circumstances in which the Tort Claims Act waives immunity without any expression of intent to do so." *Id.*

The issue which we discussed in *City of La Porte* is now presented squarely for decision. We believe our reasoning and conclusions there were correct, and we now hold that section 504.002 of the Texas Labor Code waives immunity from liability for actual damages, as well as for reinstatement and back pay, subject to the limitations of the Tort Claims Act, for claims under the Anti–Retaliation Law. We further hold that the requirement that the injury arise from the operation or use of a motor vehicle or motor driven equipment or the condition or use of tangible personal or real property does not apply to claims under the Anti–Retaliation Law. A majority of the Court, without hearing oral argument, therefore reverses the judgment of the court of appeals, and remands this cause to the trial court for further proceedings.

---

1. Tex.Rev.Civ.Stat. art. 6252–16a.

2. *See* Tex.Civ.Prac. & Rem.Code § 101.021.