OPINION
 

 CUMMINGS, Justice.
 

 Billy Ray Allen appeals a final summary judgment rendered in favor of appellees, City of Midlothian, Texas, Robert G. Powers, and June Smith (hereafter referred to either individually or collectively as Defendants). Allen brings a single point of error — that the trial court erred in granting Defendants’ motion for summary judgment where genuine issues of material fact were demonstrated and where Defendants failed to establish their entitlement to judgment as a matter of law. We affirm in part and reverse and remand in part.
 

 On April 14, 1989, Billy Ray Allen, injured his back while acting in the course and scope of his employment as a maintenance worker with the City of Midlothian. He subsequently filed a claim for workers’ compensation benefits and reached a settlement agreement
 
 *318
 
 with the City. On April 5, 1991, the Texas Workers’ Compensation Commission approved the settlement between Allen and the City. On that same day, the City terminated Allen’s employment. The City claimed that Allen’s employment was terminated because he had failed to provide the City with a full medical release allowing him to return to work on a full-duty basis.
 

 On August 6 or 8, 1991, Allen filed suit,
 
 [1]
 
 naming the City as the sole defendant and asserting a cause of action for retaliatory discharge pursuant to article 8307c of the Texas Workers’ Compensation Act.
 
 [2]
 
 On November 12, 1992, Allen filed his first amended petition and named Robert G. Powers, City Manager, and June Smith, City Secretary, as additional defendants.
 
 [3]
 
 However, Powers and Smith were not served with citation until May 13,1994, more than two years after the filing of the original petition and more than three years after Allen’s termination by the City. Allen also added claims for, according to Defendants, breach of the implied duty of good faith and fair dealing, breach of the employment contract, intentional infliction of emotional distress, tortious interference with his employment contract, civil conspiracy to wrongfully terminate Allen, and several civil rights violations.
 
 [4]
 

 On August 11, 1994, Allen filed a second amended petition wherein he asserted the following causes of action against the City and against Powers and Smith in both their individual and representative capacities: (1) retaliatory discharge pursuant to article 8307c of the Texas Workers’ Compensation Act; (2) breach of the implied duty of good faith and fair dealing; (3) intentional infliction of emotional distress; (4) tortious interference with his employment contract; and (5) conspiracy to defraud.
 

 Defendants filed a motion for summary judgment on November 14, 1994, in response to the second amended petition. The motion was set for hearing on December 19, 1994. Allen filed his response to the summary judgment motion on December 12,1994.
 

 Allen filed his third amended petition on December 12, 1994, wherein, in addition to the claims he raised in his second amended petition, he asserted, for the first time, a suit for (1) declaratory judgment, claims for (2) fraud, (3) gross negligence, (4) negligent infliction of emotional distress, (5) bad faith settlement practices, violations of (6) claims handling practices, violations of (7) various state constitutional provisions, violations of (8) article 21.21 of the Insurance Code, violations of (9) the Deceptive Trade Practices Act, and violations of (10) State Insurance Board Orders, (11) the Administrative Code, and (12) other sections of the Insurance Code. The trial court granted Defendants’ motion for summary judgment on January 10,1995.
 

 
 *319
 

 We
 
 will initially address the issue of whether Allen’s third amended petition was timely. Rule 68 of the Rules of Civil Procedure states that “any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter ... shall be filed only after leave of the judge is obtained.” Tex.R. Crv. P. 68. As indicated above, Allen filed his third amended petition on December 12, 1994, when the hearing on Defendants’ motion for summary judgment had been previously scheduled for December 19, 1994. It appears from the record that Allen never obtained leave from the trial court to file his third amended petition. A summary judgment proceeding is a trial within the meaning of Rule 63.
 
 Goswami v. Metropolitan Savings and Loan Ass’n,
 
 751 S.W.2d 487, 490 (Tex.1988).
 

 In calculating the seven days prior to trial, the question arises of whether or not to include the date of the hearing as one of the seven days. Rule 4 of the Rules of Civil Procedure states that, in the computation of time under the rules, the date of the “act, event, or default after which the designated period of time begins to run is not to be included.” Tex.R. Crv. P. 4. The Supreme Court has recently applied Rule 4 to a situation essentially identical to the one before us where the plaintiff-nonmovant files an amended petition seven calendar days prior to a scheduled hearing on the defendant-movant’s motion for summary judgment.
 
 Sosa v. Central Power & Light,
 
 909 S.W.2d 893 (Tex.1995). In
 
 Sosa,
 
 the plaintiff-non-movant filed his amended petition on November 10, 1993, and the hearing on the defendant’s motion for summary judgment was scheduled for November 17, 1993.
 
 Id.
 
 at 894. The Court applied Rule 4 to the facts of the case, did not include the date of the summary judgment hearing in calculating the seven days, and held that the plaintiff-non-movant’s amended petition was timely under Rule 63.
 
 Id.
 
 at 895. Following the holding in
 
 Sosa,
 
 we conclude that Allen’s third amended petition filed on December 12,1994, was timely filed and, therefore, it superseded Allen’s previously filed petitions.
 
 See id.
 

 The record reveals that Defendants never moved for summary judgment on the new allegations raised by Allen in his third amended petition. Therefore, summary judgment was improper as it applied to these new claims.
 
 [5]
 
 Tex.R. Civ. P. 166a;
 
 Cincinnati Life Ins. Co. v. Cates,
 
 927 S.W.2d 623, 625 (Tex.1996).
 

 Nevertheless, we must address whether the trial court properly rendered summary judgment in favor of Defendants on the claims that were raised by Allen in his second amended petition and then repeated in the third amended petition.
 

 Appellants moved for summary judgment based solely on their affirmative defenses of sovereign immunity and statute of limitations. We will first examine the claims as they are applied to Powers and Smith in their individual capacities and then examine the claims as applied against the City.
 

 To prevail on a motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c);
 
 Cathey v. Booth,
 
 900 S.W.2d 339, 341 (Tex.1995). A defendant who conclusively negates at least one of the essential elements of each of the plaintiff’s causes of action or who conclusively establishes all of the elements of an affirmative defense is entitled to summary judgment.
 
 Wornick Co. v. Casas,
 
 856 S.W.2d 732, 733 (Tex.1993);
 
 Montgomery v. Kennedy,
 
 669 S.W.2d 309, 310-11 (Tex.1984). In reviewing a summary judgment, we must accept as true evidence in favor of the nonmovant, indulging every reasonable inference and resolving all doubts in
 
 *320
 
 the nonmovant’s favor.
 
 Nixon v. Mr. Property Management Co.,
 
 690 S.W.2d 546, 548-49 (Tex.1985).
 

 The alleged acts occurred on or prior to Allen’s termination on April 5, 1991. The docket sheet indicates that the Clerk first issued citation for Powers and Smith on November 19, 1993. However, no return was ever filed. The record shows that Powers and Smith were not properly served with citation until May 13, 1994, more than three years after the alleged acts occurred.
 

 A plaintiffs petition may be dismissed if service of the defendant is accomplished beyond the limitations period.
 
 See Murray v. San Jacinto Agency, Inc.,
 
 800 S.W.2d 826, 830 (Tex.1990). Delay in the service of the defendant, however, will provide cause for dismissal of the plaintiffs petition only when the plaintiff failed to exercise “due diligence” in attempting to accomplish service.
 
 Id.
 
 The defendant bears the initial burden of establishing in his summary judgment proof that service was accomplished beyond the limitations period.
 
 Id.
 
 The burden then shifts back to the plaintiff to demonstrate his exercise of due diligence.
 
 Id.
 

 In his response to Defendants’ motion for summary judgment, Allen explained the reason for the delay in serving Powers and Smith was that he had reached an out-of-court oral agreement with Defendants’ counsel that counsel would file answers for both Powers and Smith without requiring that they first be served. 'Allen’s only evidence of this agreement was an affidavit from his own attorney swearing to the existence of this oral agreement. Allen’s attorney further swore in the affidavit that he finally had Powers and Smith served when Defendants’ counsel informed him that counsel would require service of Powers and Smith before counsel would file answers to Allen’s petition. As indicated above, Allen then served Defendants on May 13,1994.
 

 Rule 11 of the Texas Rules of Civil Procedure provides that “no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed, and filed with the papers as part of the record, or made in open court and entered of record.” Tex.R. Civ. P. 11. Unless the specific requirements of Rule 11 are met, no agreements between counsel are enforceable.
 
 London Market Companies v. Schattman,
 
 811 S.W.2d 550, 552 (Tex.1991) (orig.proceeding).
 

 Allen asserts that, while the agreement does not meet the requirements of Rule 11, the agreement demonstrates good cause for delay in obtaining service on Powers and Smith. Allen’s argument is without merit. Even if there was an agreement that Allen relied upon in good faith, a party cannot claim the exercise of “due diligence” by relying upon this agreement when such agreement clearly was unenforceable under the Rules of Civil Procedure.
 
 See
 
 Tex.R. Civ. P. 11;
 
 Schattman,
 
 811 S.W.2d at 552. Therefore, we find that Powers and Smith were not properly served prior to the expiration of the limitations period and that Allen did not exercise due diligence in attempting to have them served.
 

 Notwithstanding the fact that Powers and Smith were not served until May 13, 1994, Allen contends that the claims he raised in his second amended petition were nevertheless timely, assuming a two-year limitations period on each of the claims, because the discovery rule operated to toll the applicable statutes of limitations. When the defendant-movant raises the defense of limitations in a summary judgment proceeding, and the plaintiff-nonmovant counters the defense by asserting the discovery rule, the defendant-movant bears the burden of proving as a matter of law that the discovery rule will not operate to render the plaintiff-non-movant’s claims timely.
 
 Woods v. William M. Mercer, Inc.,
 
 769 S.W.2d 515, 518 n. 2 (Tex.1988). The plamtiff-nonmovant, however, must do more than baldly assert that the discovery rule somehow applies. He must plead facts, and preferably submit summary judgment evidence, in support of his assertion that the defendant-movant can then controvert as failing to establish a fact issue on whether the discovery rule somehow tolled the running of any relevant statutes of limitations.
 
 See Precision Sheet Metal Mfg. Co., Inc. v. Yates,
 
 794 S.W.2d 545, 549 (Tex.App.—Dallas 1990, writ denied).
 

 The following is the relevant portion of Allen’s Response to Defendants’ Motion For
 
 *321
 
 Summary Judgment, unedited, wherein he asserts that his claims were timely due to the application of the discovery rule:
 

 3.01 The statute of limitation argument set forth by the Defendants is inapplicable at most and at least distinguishable. The Plaintiff’s claims are not governed by the two year statute of limitation but, if so the cause of action is tolled by reason of the fact that the limitation begins when the Plaintiff knew or by reason of ordinary care should have known that his cause of action had accrued. The limitations for fraud and declaratory judgment under both the Local Government Code and Personnel Rules and Regulations of the City of Midlothian are clearly a four year limitation.
 

 3.02 The summary judgment evidence attached to this motion clearly demonstrates that a fact question exists as to when the cause of action as to Plaintiff accrued. The applicable statute with respect to the Deceptive Trade Practices Act is ... Tex. Bus. & Com.Code § 17.565.
 

 3.03 This section applies to the Deceptive Trade Practice Act violation as well as Art. 21.21 and violations of Board Rules claims.
 

 Despite Allen’s assertion in his response that the summary judgment evidence he attached demonstrated a fact issue about when his causes of action (he did not specify which causes) accrued against Defendants (he did not specify which defendants), he failed to plead any specific facts or refer the trial court to any specific documents in his summary judgment evidence that allegedly supported his contention.
 

 In the transcript, there are 338 pages of documents from Allen’s summary judgment evidence that he submitted to the trial court along with his response to Defendants’ motion for summary judgment. In his discussion of the discovery rule issue in his brief, the only references that Allen makes to the summary judgment evidence are to two affidavits submitted by Defendants from Powers and Smith wherein nothing is stated by them concerning any information relating to any of the facts underlying Allen’s new claims in his second and third amended petitions not being known by Allen until sometime after his termination. The only reference Powers and Smith make in their respective affidavits to any events occurring after Allen’s termination is that they were not served by Allen until May 13,1994.
 

 Allen does contend in his brief that he was not aware of all of the possible legal claims he could bring against Powers and Smith until he began his discovery of them, but Allen fads to cite to any specific portions of the summary judgment evidence that would somehow indicate that Allen could not have known • of these causes of action until he began to conduct discovery. There may be some facts somewhere in the summary judgment evidence submitted by both Allen and Defendants that would support Allen’s discovery-rule argument, but his failure to refer us to where that evidence may be has left us with no summary judgment evidence to consider on that point. Tex.R.App. P. 74(f);
 
 see Rendleman v.
 
 Clarke, 909 S.W.2d 56, 59 (Tex.App.—Houston [14th Dist.] 1995, writ dism’d as moot).
 

 Moreover, Allen’s argument that he can somehow bootstrap his way into asserting that the new claims against Powers and Smith he raised in his second and third amended petitions were timely because he did not know of the facts underlying them until he began to conduct discovery is wholly without merit considering that Allen could have both served Powers and Smith at an earlier date and conducted discovery of them at an earlier date. We note that Allen bore the burden of establishing that he was somehow prevented from conducting discovery at an earlier date.
 
 See Woods,
 
 769 S.W.2d at 518 n. 2.
 

 We therefore conclude that Powers and Smith were served more than two years after the causes of action upon which Allen sued had accrued and that the discovery rule did not toll any of the relevant statutes of limitation.
 

 We must now consider whether the causes of action Allen raised against Powers and Smith in his second amended petition were subject to a two-year or less statute of limitations. If so, the claims so subject are untimely. We note, however, that Defendants in their motion for summary judgment raised the issue of limitations on only three of Allen’s five causes of action as they related to Powers and Smith in their individual capad
 
 *322
 
 ties. They are intentional infliction of emotional distress, conspiracy to defraud, and the action raised under article 8307c of the Texas Workers’ Compensation Act. Because Defendants failed to preserve the limitations issue at the trial court on the remaining two causes of action, breach of the duty of good faith and fair dealing and tortious interference with his employment contract, we cannot consider those claims on this summary judgment appeal. Tex.R. Civ. P. 166a;
 
 Cates,
 
 39 Tex.Sup.Ct. J. at 918, — S.W.2d at -. We will now examine the three causes of action asserted against Powers and Smith, individually, that were preserved to determine their respective limitations periods.
 

 Retaliatory Discharge
 

 A suit for violation of article 8307c must be brought within two years after such cause of action accrues. Tex.Rev.Civ. Stat. Ann. art. 8307c;
 
 Johnson & Johnson Medical, Inc. v. Sanchez,
 
 924 S.W.2d 925, 927 (Tex.1996);
 
 Almazan v. United Services Auto. Ass’n, Inc.,
 
 840 S.W.2d 776, 779 (Tex.App.—San Antonio 1992, writ denied).
 

 Intentional Infliction of Emotional Distress
 

 The applicable statute of limitations for a claim of intentional infliction of emotional distress is two years from the accrual of the cause of action.
 
 Bhalli v. Methodist Hosp.,
 
 896 S.W.2d 207, 211 (Tex.App.—Houston [1st Dist.] 1995, writ denied);
 
 Muckelroy v. Richardson Indep. Sch. Dist.,
 
 884 S.W.2d 825, 829 (Tex.App.—Dallas 1994, writ denied).
 

 Civil Conspiracy to Defraud
 

 A cause of action for civil conspiracy is governed by a two-year statute of limitations.
 
 Stroud v. VBFSB Holding Corp.,
 
 917 S.W.2d 75, 82 (Tex.App.—San Antonio 1996, writ denied);
 
 Stevenson v. Koutzarov,
 
 795 S.W.2d 313, 318 (Tex.App.—Houston [1st Dist.] 1990, writ denied).
 

 These three causes of action Allen raised against Powers and Smith, individually, were all subject to two-year statutes of limitations; therefore, we conclude that those claims were untimely, and the summary judgment is affirmed as it relates to them.
 

 We will now address Allen’s claims against the City and Powers and Smith in their representative capacities. We will first examine Defendants’ argument that they are protected from the claims raised by Allen in his second amended suit by the sovereign immunity doctrine. We note that Defendants raised the sovereign immunity defense on each of the five causes of action included in the second amended petition.
 

 Concerning the claims for wrongful discharge, the Supreme Court has recently held that, under the Texas Workers’ Compensation Act, municipalities waive their sovereign immunity for the discharge of employees in retaliation for filing workers’ compensation claims.
 
 Kuhl v. City of Garland,
 
 910 S.W.2d 929, 931 (Tex.1995);
 
 City of LaPorte v. Barfield,
 
 898 S.W.2d 288, 296-97 (Tex.1995). Defendants contend that
 
 Bar-field
 
 does not apply because there was no summary judgment evidence submitted that the City of Midlothian ever waived its immunity to suit. Defendants’ attempt to distinguish
 
 Barfield
 
 is without merit. The Supreme Court in
 
 Kuhl
 
 and
 
 Barfield
 
 held that the Legislature through its enaction of and amendments to several statutes waived any immunity to suit for retaliatory discharge that any Texas municipalities may have had.
 
 See Kuhl,
 
 910 S.W.2d at 930-31;
 
 Barfield,
 
 898 S.W.2d at 291. Because the Legislature had already spoken on the matter, whether or not the City of Midlothian ever decided to waive immunity in this suit is irrelevant.
 

 In the absence of a waiver of immunity elsewhere, sovereign immunity is generally waived only to the extent provided in the Texas Tort Claims Act.
 
 University of Texas Medical Branch at Galveston v. York,
 
 871 S.W.2d 175, 177 (Tex.1994). The Act waives sovereign immunity for “personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.” Tex. Civ. PRAC. & Rem.Code Ann. § 101.021(2) (Vernon 1986). None of the remaining four claims from Allen’s second amended petition involve either the use or nonuse of tangible personal property. Without question, the alleged communications between the several defendants that underlie Allen’s suit do not constitute tangible personal property, and neither do the forms and reports used by the Defendants,
 
 *323
 
 or the information contained thereon.
 
 Dallas County v. Harper,
 
 913 S.W.2d 207, 208 (Tex.1995);
 
 York,
 
 871 S.W.2d at 179;
 
 DeWitt v. Director, State Employees Workers’ Compensation Div.,
 
 897 S.W.2d 448, 450-51 (Tex.App.—Austin 1995, writ denied). Because none of Allen’s claims against the City for breach of the implied duty of good faith and fair dealing, intentional infliction of emotional distress, tortious interference with contract, and conspiracy to defraud could have involved the use of tangible personal property, we conclude the City was immune from suit as a matter of law. The summary judgment is affirmed as it relates to these claims.
 

 In a taeked-on argument, Allen contends that, under the authority of
 
 Lugar v. Edmondson,
 
 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), a governmental entity waives immunity to suit when its discharge of an employee is part of a policy to discharge employees who filed workers’ compensation claims.
 
 Lugar
 
 stands for nothing of the sort. The court in
 
 Lugar
 
 only held that private entities that involve themselves in state action can be liable
 
 for
 
 civil rights violations.
 
 Lugar,
 
 457 U.S. at 941, 102 S.Ct. at 2756.
 

 The trial court’s summary judgment as it related to Powers and Smith being sued individually for retaliatory discharge, intentional infliction of emotional distress, and civil conspiracy to defraud, is affirmed. It is reversed and remanded on the claims for breach of the duty of good faith and fair dealing and tortious interference with contract. It is also reversed and remanded on the causes of action raised by Allen for the first time in his third amended petition against Powers and Smith, individually.
 

 The trial court’s summary judgment as it related to the City and Powers and Smith in their representative capacities for breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, tortious interference with contract, and conspiracy to defraud, is affirmed. It is reversed and remanded on the retaliatory discharge claim. It is also reversed and remanded on the causes of action raised by Allen for the first time in his third amended petition against the City and Powers and Smith in their representative capacities.
 

 [1]
 

 . Allen's original petition is not in the transcript before us, and neither is there a stipulation by the parties concerning the date it was filed. Allen asserts in his brief that the original petition was filed on August 6, 1991. Defendants assert in their brief that it was filed on August 8, 1991. While this court would have preferred to have had the file-stamped original petition itself in the record, or a stipulation on the date it was filed, we recognize that the respective difference in the days maintained by the parties would have no legal significance, at least on the limitations issue. Therefore, we will assume that the original petition was filed on either August 6 or August 8, 1991. Concerning the claim or claims originally raised by Allen in his original petition, we have no way of verifying that his retaliatory discharge claim was the only one raised, if it was raised at all; however, because Allen does not dispute Defendants' assertion in their brief that it was the only one raised, we will accept their assertion as the truth.
 

 [2]
 

 . Act of May 7, 1971, 62nd Leg., R.S., ch. 115, §§ 1-3, 1971 Tex. Gen. Laws 884-85 (repealed 1993) (current version at Tex. Labor Code Ann. §§ 451.001-.003 (Vernon 1996)).
 

 [3]
 

 . Neither is the first amended petition located in the transcript, or a stipulation on the date it was filed. Allen asserts in his brief it was filed on November 12, 1993. Defendants assert in their brief that it was filed a year earlier on November 12, 1992. Defendants' First Amended Original Answer is, however, in the transcript and the date file-stamped on it is December 21, 1992. We assume that Defendants would not have filed an answer to Allen’s first amended petition until his first amended petition was actually filed; therefore, we assume the first amended petition was filed on November 12, 1992. Both parties assert in their respective briefs that Powers and Smith were added as individual defendants in Allen's first amended petition; therefore, we assume that they were.
 

 [4]
 

 . Again, the first amended petition is not in the transcript, so we have no way of verifying what causes of action were raised in it.
 

 [5]
 

 . We do not know whether or not the trial court considered Allen's third amended petition. Allen filed a Motion for Rehearing after the trial court rendered summary judgment in favor of Defendants, arguing that the trial court should set aside the summary judgment if it did not consider Allen's third amended petition. A hearing was held on the motion, but the trial court ultimately denied the motion, and, despite requests from Allen for findings of fact and conclusions of law, never stated its reason. In either case the trial court erred either (1) because it granted summary judgment on grounds not raised by Defendants or (2) it improperly refused to consider the third amended petition.