**TEXAS DEPARTMENT OF HUMAN SERVICES, Appellant,**

v.

**Mary SAKIL, Individually and as Next Friend of Serena Latisha Hilton, Marvin Hilton, Shanton Elise Hilton, Alvina Sakil, and Nashawn Sakil, Appellees.**

No. 08–99–00054–CV.

Court of Appeals of Texas, El Paso.

Dec. 16, 1999.

---

Dirk D. Johnson, Asst. Atty. Gen., John Cornyn, Thompson & Knight, Andrew M. Taylor,Bracewell & Patterson, Linda Eads, Nelly R. Herrera, Asst. Atty. Gen., Austin, for Appellant.

Jay Nye, El Paso,for Appellees.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## O P I N I O N

DAVID WELLINGTON CHEW, Justice.

This is an accelerated appeal from an interlocutory order denying the Texas Department of Human Services' ("DHS") plea to the jurisdiction in Appellees' suit for damages. Appellees sued DHS for damages resulting from the alleged physical, emotional, and sexual abuse of the minor Appellees who were placed in the care of their grandmother by the Department of Human Services.[1]

This appeal is authorized and accelerated pursuant to the provisions of Tex.Civ. Prac. & Rem.Code Ann. § 51.014(a)(8)(Vernon Supp.2000) and Tex.R.App.P. 28.1. The sole issue is whether the trial judge erred by denying the plea to the jurisdiction filed by the Department under a claim of sovereign immunity.

 Whether the trial court properly denied DHS's plea to the jurisdiction presents a pure question of law that we will examine under a *de novo* standard of review. *See State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 735 (Tex.App.—Fort Worth 1996, writ denied). It is undisputed that the Texas Department Human Services is an agency of the State of Texas that is entitled to sovereign immunity from suit and from liability, in the absence of a constitutional or statutory provision. *See Duhart v. State*, 610 S.W.2d 740, 741 (Tex. 1980). The waiver of sovereign immunity is a matter addressed to the Legislature, and the Legislature must waive sovereign immunity by clear and unambiguous language. *See City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex.1995); *Duhart*, 610 S.W.2d at 742; *see Texas Dept. of Health v. Ruiz*, 960 S.W.2d 714, 715 (Tex. App.—El Paso 1997, pet. denied); *Canutillo Indep. Sch. Dist. v. Olivares*, 917 S.W.2d 494, 496 (Tex.App.—El Paso 1996, no writ). The Legislature must use clear and unambiguous language to effect a waiver of immunity. *See Barfield*, 898 S.W.2d at 291. However, "[t]he rule requiring a waiver of governmental immunity to be clear and unambiguous cannot be applied so rigidly that the almost certain intent of the Legislature is disregarded. Legislative intent remains the polestar of statutory construction." *Id.* at 292.

 A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *See Texas Parks & Wildlife Dep't v. Garrett Place, Inc.*, 972 S.W.2d 140, 142 (Tex.App.—Dallas 1998, no pet.); *State v. Benavides*, 772 S.W.2d 271, 273 (Tex. App.—Corpus Christi 1989, writ denied).

---

1. The grandmother of the children and others are also defendants to the suit.

Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the particular case belongs. *See Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex.1974); *Kubovy v. Cypress–Fairbanks Indep. Sch. Dist.*, 972 S.W.2d 130, 133 (Tex.App.—Houston [14th Dist.] 1998, no pet.). Subject matter jurisdiction is essential to the authority of a court to decide a case. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). Subject matter jurisdiction cannot be waived. *See id.* at 443–44.

■ Here, Appellees have sued DHS pursuant to the Texas Tort Claims Act, alleging that reports, generated by DHS, are tangible property, and that the condition or use of these reports, caused the injuries for which DHS should be liable. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). DHS argues that the information contained in the reports, not the reports themselves, are what Appellees actually base their cause of action upon. DHS further asserts that the case of *University of Texas Medical Branch at Galveston v. York*, 871 S.W.2d 175 (Tex.1994) controls our decision. We agree.

In *York*, the Plaintiffs asserted that the failure to record medical information in the patient's chart was a misuse of tangible personal property that would waive immunity for the University of Texas Medical Branch under the Tort Claims Act. *See York*, 871 S.W.2d at 175–76. The Supreme Court disagreed, stating, "[w]hile paper itself can be touched, handled, and seen, medical information recorded on paper is not tangible personal property." *Id.* at 176. The Court explained its rationale by concluding that to allow the use of information as a basis for suit would effectively eliminate the tangible property requirement of the Tort Claims Act, and stated, "[t]he State would be subject to liability in all cases in which the State has used, misused, or failed to use information that has been reduced to writing. Waiver of

governmental immunity, and imposition of the financial burden resulting from waiver on the taxpayers of this State, is a determination to be made by the Legislature." *York*, 871 S.W.2d at 179. The Court further distinguished the cases of *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976), and *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30 (Tex.1983), explaining that each holding was a narrow, factually distinguishable exception to the general bar against pleading a "non-use" of tangible property, or use or misuse of information contained in tangible property to effect a waiver of immunity.

The Court explained that *Lowe* was limited to cases where equipment furnished lacked a necessary component to render it free from defects. In *Lowe*, a college football player was furnished a uniform, but was ordered by his coach to remove his knee brace. *Lowe*, 540 S.W.2d at 300. This was the equivalent of furnishing a defective uniform, and was a condition or use of tangible personal property. *See id.; see also Robinson v. Central Texas MHMR Center*, 780 S.W.2d 169 (Tex.1989)(failure to provide a life jacket to an epileptic man during a swimming outing when he was in custody of MHMR was equivalent of providing defective swimming attire, a condition or use of tangible personal property)(Phillips, C.J., Hecht, J., and Cook, J., dissenting); *McGuire v. Overton Mem'l Hosp.*, 514 S.W.2d 79 (Tex. Civ.App.—Tyler 1974), *writ ref'd n.r.e., per curiam*, 518 S.W.2d 528 (Tex.1975)(failure to provide bed rails on hospital bed was equivalent of providing defective bed, and was condition or use of tangible personal property).

*Salcedo* was explained as being limited to allegations that equipment or a device, not information, was misused. In *Salcedo*, it was alleged that the misuse of a electrocardiogram was the use or condition of the tangible personal property necessary to waive immunity under the Tort Claims Act. *See Salcedo*, 659 S.W.2d at 32. The patient's electrocardiogram readings

showed a classic heart attack pattern, but the patient was sent home, and died a short time later. *See id.* at 31.

In this case, no allegations have been made that defective property was furnished to Appellees, or that equipment or a device was misused, and that the misuse was the proximate cause of the Appellees' injuries. The Appellees' complaints are the same as the complaint in *York,* that the information contained in the DHS records was misused, and that the misuse was the proximate cause of the injuries to the minor Plaintiffs. Appellees contend that the *York* decision is "manifestly unjust." We will not address this contention. The *York* decision is binding precedent, and we must follow it. Appellees further urge this Court to follow its own precedent in this matter from the case of *Gonzalez v. Avalos,* 866 S.W.2d 346 (Tex.App.—El Paso 1993), *writ dism'd w.o.j., per curiam,* 907 S.W.2d 443 (Tex.1995). In *Gonzalez,* we affirmed the denial of a grant of summary judgment to a DHS employee (Gonzalez) who failed to make an investigation into a report of child abuse. *See id.* at 348. The child later died at the hands of his mother's boyfriend. *See id.* Avalos alleged a waiver of immunity under the Tort Claims Act based on the misuse of the Child Protective Services report of abuse, a circumstance substantially similar to the one in this case. *See id.* at 352. Appellees contend that we held that the DHS records were tangible personal property upon which an action under the Texas Tort Claims Act could be brought. As we noted in the *Gonzalez* opinion, however, Gonzalez did not challenge the characterization of the reports as tangible personal property, so, although the suit was remanded to the trial court on that basis, our holding did not specifically embrace that theory, but instead was based on case law prior to the *York* decision and the Appellant's failure to address the issue.

The Supreme Court's decision in *York* was further bolstered by its holding in *Kassen v. Hatley,* 887 S.W.2d 4 (Tex.1994),

another case where the plaintiffs asserted that a patient's medical records were misused. In *Kassen,* the patient committed suicide. *See id.* The Court reiterated that the information contained in a patient's medical records are not tangible personal property for the purposes of waiver of governmental immunity under the Tort Claims Act. This holding has been followed and somewhat expanded by the courts of appeals to include information other than that contained in medical records. *See Bush v. Texas Dep't of Protective and Regulatory Services,* 983 S.W.2d 366 (Tex.App.—Fort Worth 1998, pet. denied)(use of questionnaires and forms); *Sawyer v. Texas Dept. of Criminal Justice,* 983 S.W.2d 310 (Tex.App.—Houston [1st Dist.] 1998, pet. denied)(computer printout that reflected incorrect parole date); *DeWitt v. Director, State Employees Workers' Compensation Div.,* 897 S.W.2d 448 (Tex.App.—Austin 1995, writ denied)(doctor's report in workers' compensation case);*Texas Dept. of Human Services v. Benson,* 893 S.W.2d 236 (Tex. App.—Austin 1995, writ denied)(identity of person, who was assured confidentiality in reporting child abuse, released to parents of children in a report); *Texas Youth Comm'n v. Ryan,* 889 S.W.2d 340 (Tex. App.—Houston [14th Dist.] 1994, no writ)(results of diagnostic tests).

Here, the Appellees clearly base their allegations on the information contained in the DHS reports, and because the information is not tangible personal property, which must be the proximate cause of Appellees' injuries, we hold that the State has not waived its immunity from suit or liability in these circumstances. We reverse the judgment of the trial court and remand this case for further proceedings not inconsistent with this opinion.