TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00282-CV






Gerald H. Laubach, Appellant



v.



State Bar of Texas, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. C-99-0999-A, HONORABLE FRED R. CLARK, JUDGE PRESIDING





 Appellant Gerald H. Laubach filed a grievance with appellee, the State Bar of
Texas, alleging professional misconduct by an attorney he had retained to represent him in a civil
dispute. Following a hearing held to investigate Laubach's grievance, the State Bar found no
professional misconduct and dismissed Laubach's complaint. Laubach then sued the State Bar "in
tort," alleging it had handled his grievance improperly and violated its own rules of disciplinary
procedure. The State Bar moved to dismiss Laubach's suit, asserting sovereign and statutory
immunity. The district court granted the State Bar's motion, and Laubach appeals, claiming he
suffered damages from "the non-investigatory & non-evidentiary 'condition or use of (the) tangible
property'" of his grievance. We will affirm the order of dismissal.

 It is well established that the State and its agencies are not liable for torts committed
by their officers or agents in the absence of a constitutional or statutory waiver of their sovereign 
immunity. Duhart v. State, 610 S.W.2d 740, 741 (Tex. 1980); DeWitt v. Director, State
Employees Workers' Comp. Div., 897 S.W.2d 448, 450 (Tex. App.--Austin 1995, writ denied). 
Such a waiver is left to the legislature, which must waive sovereign immunity by clear and
unambiguous language. University of Tex. Med. Branch v. York, 871 S.W.2d 175, 177 (Tex.
1994); Duhart, 610 S.W.2d at 742; DeWitt, 897 S.W.2d at 450. In enacting the Texas Tort
Claims Act,(1) the legislature waived sovereign immunity in limited circumstances involving the use
of publicly owned automobiles, premises defects, or conditions or use of tangible property. Tex.
Civ. Prac. & Rem. Code Ann. § 101.021 (West 1997); DeWitt, 897 S.W.2d at 450.

 Laubach contends his suit is not barred by sovereign immunity because he suffered
damages from the condition or use of tangible property, immunity for which is waived by the
Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). However, the Texas
Tort Claims Act does not waive immunity for the negligent or wrongful use of information
contained in papers and documents. Dallas County v. Harper, 913 S.W.2d 207, 207-08 (Tex.
1995); York, 871 S.W.2d at 179; DeWitt, 897 S.W.2d at 450-51; Texas Dep't of Human Servs.
v. Benson, 893 S.W.2d 236, 239-40 (Tex. App.--Austin 1995, writ denied); Texas Dep't of
Human Servs. v. Sakil, 25 S.W.3d 22, 25 (Tex. App.--El Paso 1999, pet. denied); Allen v. City
of Midlothian, 927 S.W.2d 316, 322-23 (Tex. App.--Waco 1996, no writ). Laubach's suit
complains that the State Bar misused information contained in his grievance proceeding. Such
claims do not fall within the limited waiver of immunity contained in the Texas Tort Claims Act,
and his suit is barred by sovereign immunity. 

 Further, the State Bar and its agents are explicitly granted immunity by rule 15.11
of the Texas Rules of Disciplinary Procedure:


All members of [the State Bar's Commission for Lawyer Discipline], the Chief
Disciplinary Counsel and his or her staff . . . , all members of [District grievance]
Committees, all members of the Board of Disciplinary Appeals, . . . and all
officers and Directors of the State Bar are immune from suit for any conduct in the
course of their official duties. The immunity is absolute and unqualified and
extends to all actions at law or in equity.



Tex. R. Disciplinary P. 15.11, reprinted in Tex. Gov't Code Ann. tit. 2, subtit. G app. A-1 (West
1998). 

 The State Bar is protected from liability for actions taken during disciplinary
proceedings by absolute and unqualified immunity under rule 15.11. As a state agency, the State
Bar is also protected by sovereign immunity that is not waived by the Texas Tort Claims Act. We
overrule Laubach's issue on appeal.

 The State Bar is immune from Laubach's lawsuit, and the district court properly
dismissed his suit. We affirm the district court's order.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: November 9, 2000

Do Not Publish

1. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 1997 & Supp. 2000).

COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. C-99-0999-A, HONORABLE FRED R. CLARK, JUDGE PRESIDING





 Appellant Gerald H. Laubach filed a grievance with appellee, the State Bar of
Texas, alleging professional misconduct by an attorney he had retained to represent him in a civil
dispute. Following a hearing held to investigate Laubach's grievance, the State Bar found no
professional misconduct and dismissed Laubach's complaint. Laubach then sued the State Bar "in
tort," alleging it had handled his grievance improperly and violated its own rules of disciplinary
procedure. The State Bar moved to dismiss Laubach's suit, asserting sovereign and statutory
immunity. The district court granted the State Bar's motion, and Laubach appeals, claiming he
suffered damages from "the non-investigatory & non-evidentiary 'condition or use of (the) tangible
property'" of his grievance. We will affirm the order of dismissal.

 It is well established that the State and its agencies are not liable for torts committed
by their officers or agents in the absence of a constitutional or statutory waiver of their sovereign 
immunity. Duhart v. State, 610 S.W.2d 740, 741 (Tex. 1980); DeWitt v. Director, State
Employees Workers' Comp. Div., 897 S.W.2d 448, 450 (Tex. App.--Austin 1995, writ denied). 
Such a waiver is left to the legislature, which must waive sovereign immunity by clear and
unambiguous language. University of Tex. Med. Branch v. York, 871 S.W.2d 175, 177 (Tex.
1994); Duhart, 610 S.W.2d at 742; DeWitt, 897 S.W.2d at 450. In enacting the Texas Tort
Claims Act,(1) the legislature waived sovereign immunity in limited circumstances involving the use
of publicly owned automobiles, premises defects, or conditions or use of tangible property. Tex.
Civ. Prac. & Rem. Code Ann. § 101.021 (West 1997); DeWitt, 897 S.W.2d at 450.

 Laubach contends his suit is not barred by sovereign immunity because he suffered
damages from the condition or use of tangible property, immunity for which is waived by the
Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). However, the Texas
Tort Claims Act does not waive immunity for the negligent or wrongful use of information
contained in papers and documents. Dallas County v. Harper, 913 S.W.2d 207, 207-08 (Tex.
1995); York, 871 S.W.2d at 179; DeWitt, 897 S.W.2d at 450-51; Texas Dep't of Human Servs.
v. Benson, 893 S.W.2d 236, 239-40 (Tex. App.--Austin 1995, writ denied); Texas Dep't of
Human Servs. v. Sakil, 25 S.W.3d 22, 25 (Tex. App.--El Paso 1999, pet. denied); Allen v. City
of Midlothian, 927 S.W.2d 316, 322-23 (Tex. App.--Waco 1996, no writ). Laubach's suit
complains that the State Bar misused information contained in his grievance proceeding. Such
claims do not fall within the limited waiver of immunity contained in the Texas Tort Claims Act,
and his suit is barred by sovereign immunity. 

 Further, the State Bar and its agents are explicitly granted immunity by rule 15.11
of the Texas Rules of Disciplinary Procedure:


All members of [the State Bar's Commission for Lawyer Discipline], the Chief
Disciplinary Counsel and his or her staff . . . , all members of [District grievance]
Committees, all members of the Board of Disciplinary Appeals, . . . and all
officers and Directors of the State Bar are immune from suit for any conduct in the
course of their official duties. The immunity is absolute and unqualified and
extends to all actions at law or in equity.



Tex. R. Disciplinary P. 15.11, reprinted in Tex. Gov't Code Ann. tit. 2, subtit. G app. A-1 (West
1998). 

 The State Bar is protected from liability for actions taken durin