TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00369-CV


NO. 03-00-00640-CV







Central Counties Center for Mental Health & Mental Retardation Services, Appellant


v.



Karen Rodriguez, Appellee



AND



Austin State Hospital/Debbie Fiske, Individually and as Next Friend of Christopher

Roy Rodriguez; and Raymond Rodriguez, Appellants


v.


Debbie Fiske, Individually and as Next Friend of Christopher Roy Rodriguez; and
Raymond Rodriguez/Austin State Hospital, Appellees






FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 178820-C, HONORABLE SUE LYKES, JUDGE PRESIDING


AND FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 99-04307, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING








 Appellants Central Counties Center for Mental Health & Mental Retardation
Services (the "Center") and Austin State Hospital (the "Hospital") bring these interlocutory
appeals (1) from the district courts' orders denying their pleas to the jurisdiction in suits filed by
appellees Karen Rodriguez in the first case and Debbie Fiske and Raymond Rodriguez in the
second. Because the cases' outcome depends on this Court's determination of the same issue, we
have consolidated them for oral argument and will deliver one opinion. Karen Rodriguez filed
suit against the Center for personal injuries, including sexual exploitation by a Center employee. 
Fiske and Raymond Rodriguez sued the Hospital for damages they suffered and on behalf of their
son, Christopher Roy Rodriguez, who committed suicide while he was a patient at the Hospital. (2) 
We will affirm the district courts' orders denying appellants' pleas to the jurisdiction.

DISCUSSION Because the determination of subject-matter jurisdiction is a question of law, we
review the trial court's decision de novo. Texas State Employees Union/CWA Local 6184
A.F.L.C.I.O. v. Texas Workforce Comm'n, 16 S.W.3d 61, 65 (Tex. App.--Austin 2000, no pet.)
(citing Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998)). The absence of
subject-matter jurisdiction may be raised in a plea to the jurisdiction. Bland ISD v. Blue, 34
S.W.3d 547, 554 (Tex. 2000). A plea to the jurisdiction is a dilatory plea, the purpose of which
is to defeat a cause of action without regard to whether the claims asserted have merit. Id. 
Immunity from suit is properly asserted in a plea to the jurisdiction. Texas Dep't of Transp. v.
Jones, 8 S.W.3d 636, 638-39 (Tex. 1999). 

 Generally, sovereign immunity, unless waived, protects the State, its agencies, and
its officials from lawsuits for damages, absent legislative consent to sue the State. See Federal
Sign v. Texas S. Univ., 951 S.W.2d 401, 405 (Tex. 1997). Sovereign immunity embraces two
principles: immunity from suit and immunity from liability. Id. Legislative consent to suit or
liability must be "by clear and unambiguous language." Id.

 Statutory construction is a question of law, Johnson v. City of Fort Worth, 774
S.W.2d 653, 656 (Tex. 1989), the resolution of which must begin by looking to the statute's
words. Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998). 
"The goal of statutory construction is to give effect to the intent of the legislature." Monsanto
Co. v. Cornerstones Mun. Util. Dist., 865 S.W.2d 937, 939 (Tex. 1993) (citing Harris County
Dist. Attorney's Office v. J.T.S., 807 S.W.2d 572, 574 (Tex. 1991)). Simply stated, where a
statute is unambiguous, we discern the legislature's intent from the "plain and common meaning
of the words and terms used." Id. (citing Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 352
(Tex. 1990); RepublicBank Dallas, N.A. v. Interkal, Inc., 691 S.W.2d 605, 607 (Tex. 1985)).

 The cases before the Court require us to construe the Texas Health and Safety Code
(the "Code"). See Tex. Health & Safety Code Ann. §§ 321.001-.003, 571.003 (West Supp.
2001). Appellants contend that the Code does not reflect the clear and unambiguous waiver of
their immunity from suit. Appellees answer that the legislature expressly waived immunity from
suits based on violations of the Code by providing that a patient harmed while under the care of
a mental health facility "may sue" the facility for damages and other relief. See id. § 321.003(b).

 Code section 321.003 reflects the legislature's clear and unambiguous waiver of
both immunity from liability and immunity from suit. Id. § 321.003. Subsection (a) waives
immunity from liability, while subsection (b) waives immunity from suit:


(a) A treatment facility or mental health facility that violates a provision of, or a
rule adopted under, this chapter, Subtitle C of Title 7 [Code section 571.001,
et seq.], or Chapter 241, 462, 464, or 466 is liable to a person receiving care
or treatment in or from the facility who is harmed as a result of the violation.


(b) A person who has been harmed by a violation may sue for injunctive relief,
damages, or both.


Id. § 321.003(a), (b) (emphasis added) (footnote omitted). (3)

 The Code requires, inter alia, the Texas Board of Mental Health and Mental
Retardation to adopt a "patient's bill of rights" governing inpatient mental health facilities for the
purpose of protecting the health, safety, and rights of their patients, id. § 321.002(a), and the
board has done so. See 25 Tex. Admin. Code §§ 404.151-.167 (2000). The patient's bill of
rights provides that persons receiving mental health services from such facilities have "the right
to be free from mistreatment, abuse, neglect, and exploitation." Id. § 404.154(24). It is
undisputed that the appellees have alleged violations of section 321.003(a) of the Code. (4) Thus,
if the Center and Hospital are mental health facilities subject to section 321.003(a), they may be
sued pursuant to the provisions of section 321.003(b).

 "'Mental health facility' has the meaning assigned by Section 571.003." Tex.
Health & Safety Code Ann. § 321.001(4). Both the Center and the Hospital are mental health
facilities as defined by section 571.003. The Center is "a community center or a facility operated
by a community center." Id. § 571.003(12)(B). The Hospital is a "mental health facility operated
by the [Texas Department of Mental Health and Mental Retardation]." Id. § 571.003(12)(A). 
Giving these Code provisions their plain and ordinary meaning, we construe them in a
straightforward manner to mean what they say--that a person harmed by a violation of the patient's
bill of rights while under the care of a mental health facility may sue that facility for damages and
other relief. Because the Center and the Hospital are mental health facilities as defined in section
571.003, the legislature has consented in section 321.003(b) to their being sued for alleged
violations of section 321.003(a). Any other interpretation would render the statute's language
meaningless and of no effect.

 We are aware that the Fort Worth Court of Appeals, in direct conflict with our
holding today, has recently held that the Code does not waive sovereign immunity for violations
of the patient's bill of rights. See Texas Dep't of Mental Health & Mental Retardation v. Lee, No.
2-99-145-CV, slip. op. (Tex. App.--Fort Worth Feb. 15, 2001, no pet. h.). The court reasoned
that because the term "mental health facility" was "not expressly defined in the statute" and was
instead assigned its meaning by section 571.003, the statute did not clearly and unambiguously
waive sovereign immunity. Id. at 16. In so holding, the court relied on language found in City
of LaPorte v. Barfield, 898 S.W.2d 288, 292-96 (Tex. 1995) and Duhart v. State, 610 S.W.2d
740, 742-43 (Tex. 1980). Lee, slip. op. at 17-18. We respectfully disagree.

 We do not read Barfield and Duhart as broadly as our sister court. Barfield and
Duhart involve statutes dissimilar to the Code provisions at issue. In Barfield, the supreme court
held that the Anti-Retaliation Act, which allowed suits against "a person," did not waive immunity
from suit. See Barfield, 898 S.W.2d at 294. The Anti-Retaliation Act was passed in 1971 by the
62nd Legislature. See id. at 293. In 1985 the legislature passed the Code Construction Act
providing "that in [certain] codes adopted by the 60th or a subsequent Legislature, the word
'person' includes governmental entities." Id. at 294 (citing Code Construction Act, Tex. Gov't
Code Ann. §§ 311.002, .005(2) (West 1998)). In 1993 the Anti-Retaliation Act was recodified
in the labor code, a code to which the Code Construction Act applies. Id. However, the
recodification was to be "without substantive change." Id. In holding that "a person" in the
Anti-Retaliation Act did not include governmental entities, the court stated, "Construing the
recodification of the Anti-Retaliation [Act] to waive governmental immunity would be not only
a substantive but a very significant change." Id. Here, the legislature, when it originally enacted
chapter 321, made clear its intent that "mental health facility" was to have a consistent meaning
throughout the Code. See Act of May 25, 1993, 73d Leg., R.S., ch. 705, sec. 1.01,
§ 321.001(4), 1993 Tex. Gen. Laws 2743, 2743 (codified at Tex. Health & Safety Code Ann.
§ 321.001(4) (West Supp. 2001)).

 In Duhart, the supreme court rejected a claim that the incorporation of a section
of the Workers' Compensation Act into a statute designed to provide workers' compensation
insurance for employees of the State Highway Department created a cause of action for exemplary
damages. See Duhart, 610 S.W.2d at 742-43. The plaintiff's claim for exemplary damages was
based on the legislature's incorporation of fifty-nine sections of the Workers' Compensation Act
into a statute providing workers' compensation insurance for highway department employees. See
id. at 742. However, the supreme court held that the incorporated section itself did not create a
cause of action for exemplary damages in the statute it amended; rather, it "merely save[d] an
existing one to the extent allowed by law." Id. at 743. "There is no reference in the amendment
or its enabling clause which indicates an intent to create or recognize a cause of action against the
State for exemplary damages." Id. at 742.

 Barfield and Duhart both involve the effect of subsequently enacted, disparate
statutes on earlier, specific legislation. They neither apply to nor control the interpretation of the
Code provisions before us. The incorporation or adoption by reference of the mental health
facilities to be subject to suit here occurred at the time the legislature passed the original statute
creating liability. The Code's statutory scheme is not similar to those at issue in Barfield and
Duhart.

 Finally, appellants invite this Court to delve into the legislative history of these
sections of the Code. (5) Appellants argue that such history reveals that the legislature did not intend
to waive immunity from section 321.003 suits. The Center contends that its inability "to locate
any discussion or consideration at all of the issue of governmental immunity in the legislative
history of § 321" clearly indicates that the legislature did not intend waiver. The Hospital argues
that the "legislative history is replete with references to abuses at private, not governmental,
facilities," thus the legislature only intended to provide for suits against private facilities.

 Sources of legislative history in Texas are notoriously incomplete and unreliable. 
The goal of statutory construction is to give effect to the intent of the legislature, and courts
accomplish this by looking to the plain and common meaning of the words and terms the
legislature uses. See Cornerstones, 865 S.W.2d at 939. "When a statute is clear and
unambiguous, courts need not resort to rules of construction or extrinsic aids to construe it, but
should give the statute its common meaning." St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d
503, 505 (Tex. 1997). Because the legislature has spoken clearly, we will look no further than
the statute itself. Moreover,


[c]ourts must take statutes as they find them. More than that, they should be
willing to take them as they find them. They should search out carefully the
intendment of a statute, giving full effect to all of its terms. But they must find its
intent in its language, and not elsewhere. They are not the law-making body. 
They are not responsible for omissions in legislation. They are responsible for a
true and fair interpretation of the written law. It must be an interpretation which
expresses only the will of the makers of the law, not forced or strained, but simply
such as the words of the law in their plain sense fairly sanction and will clearly
sustain.



Simmons v. Arnim, 220 S.W. 66, 70 (Tex. 1920) (cited by Agbor, 952 S.W.2d at 505).

 Having determined that section 321.003 clearly and unambiguously waives
sovereign immunity from suit, we overrule appellants' issues and affirm the district courts' denials
of the appellants' pleas to the jurisdiction.



 
 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson 

Affirmed

Filed: March 29, 2001

Publish

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-00-00369-CV


NO. 03-00-00640-CV






Central Counties Center for Mental Health & Mental Retardation Services, Appellant


v.



Karen Rodriguez, Appellee


AND


Austin State Hospital/Debbie Fiske, Individually and as Next Friend of Christopher

Roy Rodriguez; and Raymond Rodriguez, Appellants


v.


Debbie Fiske, Individually and as Next Friend of Christopher Roy Rodriguez; and
Raymond Rodriguez/Austin State Hospital, Appellees





FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 178820-C, HONORABLE SUE LYKES, JUDGE PRESIDING


AND FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 99-04307, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING









CONCURRING OPINION






 I concur in the result of the majority's decision.





 



 Jan P. Patterson, Justice


Before Chief Justice Aboussie, Yustices Yeakel and Patterson

Filed: March 29, 2001

Publish
1. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2001).
2. Debbie Fiske and Raymond Rodriguez filed a notice of appeal complaining of the district
court's granting of Austin State Hospital's plea to the jurisdiction on their claims based on the
Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 1997
& Supp. 2001). However, in this Court, Fiske and Rodriguez neither brief nor argue their
objections to the court's ruling. Therefore, we will not address their contentions. See Tex. R.
App. P. 38.1(e) ("brief must state concisely all issues or points presented for review").
3. Subsections (c) and (d) set forth the damages that a successful plaintiff may recover. See
Tex. Health & Safety Code Ann. § 321.003(c), (d) (West Supp. 2001).
4. Karen Rodriguez alleged that she "had a right, inter alia, to be free from abuse, neglect,
and exploitation, as provided under Texas statutory law, Tex. Health & Safety Code § 571.001
et seq. . . . and related regulatory rules, see also, 25 Texas Administrative Code § 404.154(22)." 
Fiske and Raymond Rodriguez alleged that the "Patient's Bill of Rights provides that any person
receiving mental health services has the right to be free from mistreatment, abuse, neglect, and
exploitation," "employees or agents at Austin State Hospital were negligent in failing to properly
monitor Christopher Rodriguez to prevent a suicide attempt based upon his history," and this
"conduct is in violation of the Texas Health and Safety Code § 321.002, § 321.003, § 404.154(24)
of the Texas Administrative Code, § 710.4(a)(2)."
5. Appellants also posit a rather tenuous argument that since the definition of a "mental health
facility" includes facilities operated by federal agencies, see Tex. Health & Safety Code Ann.
§ 571.003(12)(A) (West Supp. 2001), the legislature could not have intended that this definition
of a "mental health facility" be used to define who a person may sue, see id. § 321.003, because
the legislature cannot waive immunity for federal agencies. In addition, they assert that an
"administrative rights-protection process" already exists to redress violations by MHMR and
community facilities. These together, argue appellants, create an ambiguity. See
Bridgestone/Firestone, Inc. v. Glyn-Jones, 878 S.W.2d 132, 133-34 (Tex. 1994). Extrinsic aids,
including legislative history, may be used to interpret statutes that are ambiguous. See id.;
Tarrant County Appraisal Dist. v. Moore, 845 S.W.2d 820, 823 (Tex. 1993); Citizens Nat'l Bank
v. Calvert, 527 S.W.2d 175, 180 (Tex. 1975). The statutory provisions before us are clear and
unambiguous, and we do not accept appellants' contrary argument.



M THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 99-04307, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING









CONCURRING OPINION






 I concur in the result of the majority's decision.





 



 Jan P. Patterson, Justice


Before Chief Justice Aboussie, Yustices Yeakel and Patterson

Filed: March 29, 2001

Publish
1. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2001).
2. Debbie Fiske and Raymond Rodriguez filed a notice of appeal complaining of the district
court's granting of Austin State Hospital's plea to the jurisdiction on their claims based on the
Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 1997
& Supp. 2001). However, in this Court, Fiske and Rodriguez neither brief nor argue their
objections to the court's ruling. Therefore, we will not address their contentions. See Tex. R.
App. P. 38.1(e) ("brief must state concisely all issues or points presented for review").
3. Subsections (c) and (d) set forth the damages that a successful plaintiff may recover. See
Tex. Health & Safety Code Ann. § 321.003(c), (d) (West Supp. 2001).
4. Karen Rodriguez alleged that she "had a right, inter alia, to be free from abuse, neglect,
and exploitation, as provided under Texas statutory law, Tex. Health & Safety Code § 571.001
et seq. . . . and related regulatory rules, see also, 25 Texas Administrative Code § 404.154(22)." 
Fiske and Raymond Rodriguez alleged that the "Patient's Bill of Rights provides that any person
receiving mental health services has the right to be free from mistreatment, abuse, neglect, and
exploitation," "employees or agents at Austin State Hospital were negligent in failing to properly
monitor Christopher Rodriguez to prevent a suicide attempt based upon his history," and this
"conduct is in violation of the Texas Health and Safety Code § 321.002, § 321.003, § 404.154(24)
of the Texas Administrative Code, § 710.4(a)(2)."
5. Appellants also posit a rather tenuous argument that since the definition of a "mental health
facility" includes facilities operated by federal agencies, see Tex. Health & Safety Code Ann.
§ 571.003(12)(A) (West Supp. 2001), the legislature could not have intended that this definition
of a "mental health facility" be used to define who a person may sue, see id. § 321.003, because
the legislature cannot waive immunity for federal agencies. In addition, they assert that an
"administrative rights-protection process" already exists to redress violations by MHMR and
community facilities. These together, argue appellants, create an ambiguity. See
Bridgestone/Firestone, Inc. v. Glyn-Jones, 878 S.W.2d 132, 133-34 (Tex. 1994). Extrinsic aids,
including legislative history, may be used to interpret statutes that are ambiguous. See id.;
Tarrant County Appraisal Dist. v. Moore, 845 S.W.2d 820, 823 (Tex. 1993); Citizens Nat'l Bank
v. Calvert, 527 S.W.2d 175, 180 (Tex. 1975). The statutory provisions before us are clear and
unambiguous, and we do not accept appellants' contrary argument.



M THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 99-04307, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING









CONCURRING OPINION






 I concur in the result of the majority's decision.





 



 Jan P. Patterson, Justice


Before Chief Justice Aboussie, Yustices Yeakel and Patterson

Filed: March 29, 2001

Publish
1. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2001).
2. Debbie Fiske and Raymond Rodriguez filed a notice of appeal complaining of the district
court's granting of Austin State Hospital's plea to the jurisdiction on their claims based on the
Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 1997
& Supp. 2001). However, in this Court, Fiske and Rodriguez neither brief nor argue their
objections to the court's ruling. Therefore, we will not address their contentions. See Tex. R.
App. P. 38.1(e) ("brief must state concisely all issues or points presented for review").
3. Subsections (c) and (d) set forth the damages that a successful plaintiff may recover. See
Tex. Health & Safety Code Ann. § 321.003(c), (d) (West Supp. 2001).
4. Karen Rodriguez alleged that she "had a right, inter alia, to be free from abuse, neglect,
and exploitation, as provided under Texas statutory law, Tex. Health & Safety Code § 571.001
et seq. . . . and related regulatory rules, see also, 25 Texas Administrative Code § 404.154(22)." 
Fiske and Raymond Rodriguez alleged that the "Patient's Bill of Rights provides that any person
receiving mental health services has the right to be free from mistreatment, abuse, neglect, and
exploitation," "employees or agents at Austin State Hospital were negligent in failing to properly
monitor Christopher Rodriguez to prevent a suicide attempt based upon his history," and this
"conduct is in violation of the Texas Health and Safety Code § 321.002, § 321.003, § 404.154(24)
of the Texas Administrative Code, § 710.4(a)(2)."
5. Appellants also posit a rather tenuous argument that since the definition of a "mental health
facility" includes facilities opera