Roberta DUHART et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 5417.

Court of Civil Appeals of Texas, Eastland.

April 17, 1980.

Rehearing Denied May 15, 1980.

**680**

B. Mills Latham, Corpus Christi, for appellants.

Joe D. Jarrard, Jr., Asst. Atty. Gen., Austin, for appellee.

DICKENSON, Justice.

The question presented is whether the State of Texas has waived its sovereign immunity as to a suit for gross negligence causing the wrongful death of a highway department employee. We hold that the State has not waived its sovereign immunity as to this claim for exemplary damages.

The widow and children of Thomas James Duhart, Deceased, sued the State for exemplary damages in the amount of $200,000.00. Duhart was employed by the State Department of Highways and Public Transportation on April 27, 1977, performing maintenance work on the Harbor Bridge at Corpus Christi, when he fell to his death. Plaintiffs allege that Duhart's foreman required him to work without a safety belt or safety equipment and that this was gross negligence entitling them to the recovery of exemplary damages. The State filed a Special Exception and a Plea in Abatement which were sustained. Plaintiffs refused to amend their petition, and the cause of action was dismissed for want of jurisdiction. Plaintiffs appeal. We affirm.

Plaintiffs have briefed one point of error, arguing that the trial court erred in entering the judgment of dismissal for want of jurisdiction. They argue that the exemplary damage provision of our general worker's compensation law [1] has been adopted by the special compensation law for highway department employees [2] and that this waives the sovereign immunity as to such claims.

The exemplary damage provision reads in pertinent part as follows:

> Nothing in this law shall be taken or held to *prohibit* the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employé whose death is occasioned by homicide from the willful act or omission or gross negligence . . . . (emphasis added)

This section does not create a new cause of action, nor does it waive the sovereign immunity as to such a cause of action. It merely saves the existing cause of action, to the extent allowed by law, by providing that the act does not *prohibit* such a cause of action.

Chief Justice Greenhill's article on Governmental Immunity, 49 Tex.L.Rev. 462, at 473 (1971) points out that:

> Texas has opened the door to waiver of governmental immunity very carefully. Immunity is, however, still the rule.

We note that the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19, § 3 (Vernon Supp.1980) specifically provides that its waiver of immunity ". . . shall not extend to punitive or exemplary damages."

The plaintiffs were given an opportunity to amend their pleadings before this lawsuit was dismissed for failure to state a cause of action. See *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex.1974).

The judgment of the trial court is affirmed.

---

1. Tex.Rev.Civ.Stat.Ann. art. 8306, § 5 (Vernon 1967).

2. Tex.Rev.Civ.Stat.Ann. art. 6674s (Vernon 1977).