Roberta **DUHART** et al., Petitioners,

v.

The **STATE** of Texas, Respondent.

No. B–9563.

Supreme Court of Texas.

Dec. 31, 1980.

4. Tex.Rev.Civ.Stat.Ann. art. 4615 was repealed January 1, 1970 and carried forward in Section 5.01, Tex.Fam.Code Ann.

Latham & Patterson, B. Mills Latham, Corpus Christi, for petitioners.

Mark White, Atty. Gen., Joe D. Jarrard, Jr., Asst. Atty. Gen., Austin, for respondent.

BARROW, Justice.

The widow and children of Thomas James Duhart, deceased, sued the State for exemplary damages. State claimed sovereign immunity and filed a Special Exception and

1. All statutory references are to Texas Revised Civil Statutes Annotated.

a Plea in Abatement which were sustained. The trial court dismissed the cause for want of jurisdiction after plaintiffs refused to amend. The court of civil appeals affirmed the judgment of the trial court. 598 S.W.2d 679. The question presented is whether the State has waived its sovereign immunity as to a suit for gross negligence causing the death of a highway department employee. We hold that it has not and affirm the judgments of the lower courts.

Duhart was employed by the Texas Department of Highways and Public Transportation. On April 27, 1977, he fell to his death while performing maintenance duties on the Harbour Bridge in Corpus Christi. The widow and children of Duhart brought this suit to recover exemplary damages because of the alleged gross negligence of State.

In *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976), this Court reaffirmed the rule that the State is not liable for torts of its officers or agents in the absence of a constitutional or statutory provision therefor. We there adhered to the rule that the waiver of governmental immunity is a matter addressed to the Legislature. *See also: Texas Highway Department v. Weber*, 147 Tex. 628, 219 S.W.2d 70 (1949); Greenhill and Murto, *Governmental Immunity*, 49–1 Tex.L.Rev. 462 (1971). Thus, the State is immune unless the Legislature has consented to such suits.

The 61st Legislature by enactment of the Texas Tort Claims Act (Article 6252–19)[1] waived governmental immunity for certain stated types of causes of action. It did not waive governmental immunity in a suit for exemplary damages. Section 4 of the Act provides:

"To the extent of such liability created by Section 3, immunity of the sovereign to suit, as heretofore recognized and practiced in the State of Texas with reference to units of government, is hereby expressly waived and abolished, and permission is hereby granted by the Legislature to all claimants to bring suit against the

State of Texas, or any and all other units of government covered by this Act, for all claims arising hereunder."

Section 3 provides for waiver of governmental immunity in three general areas: use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property. Section 3 expressly DOES NOT extend to punitive or exemplary damages. Therefore, there is no waiver of governmental immunity for this suit for exemplary damages under the Texas Tort Claims Act.

It is urged by petitioners that the 61st Legislature *created* a cause of action for exemplary damages by incorporating Article 8306, Section 5 of the Texas Workers' Compensation Law into Article 6674s. This conclusion is not supported by a proper construction of either of these statutes or by the application of established case law.

■ It should be recognized at the outset that this is not a suit under the Texas Workers' Compensation Law. Rather, this is an original suit to recover exemplary damages for the death of the employee. Presumably, it was filed under the provisions of the Texas Wrongful Death Act, Article 4671, et seq.,[2] although Article 4671 does not authorize such a suit against the State of Texas.

The stated purpose of the Legislature in enacting Article 6674s was to provide for Workers' Compensation Insurance for employees of the State Highway Department. This statute, and particularly Section 11 thereof, consents for the State to be sued by "[a]ny interested party who is not willing and does not consent to abide by the final ruling and decision of said Board [Industrial Accident Board] . . . ." This statute does not make any reference to a suit for exemplary damages, much less consent to such a suit against the State.

Section 5 of Article 8306 was incorporated into Article 6674s as one of the 59 sections of the Workers' Compensation Law included in an amendment to Section 7 of

Article 6674s by an act of the 61st Legislature. There is no reference in the amendment or its enabling clause which indicates an intent to create or recognize a cause of action against the State for exemplary damages.

■ It is a well-established rule that for the Legislature to waive the State's sovereign immunity, it must do so by clear and unambiguous language. *Texas Prison Board v. Cabeen*, 159 S.W.2d 523 (Tex.Civ. App.—Beaumont 1942, writ ref'd). It was urged in *Cabeen* that the Legislature, by enacting Article 6166z10 to authorize the Texas Prison System to purchase liability insurance on its vehicles, must have intended to waive the State's governmental immunity for suits arising out of the negligent operation of these vehicles. Claimants' argument there was very similar to that made in our case. They urged:

"The Legislature is not to be credited with doing or intending a foolish or vain thing, nor with requiring a futile, impossible or useless thing to be done. . . ."

This argument was rejected by the *Cabeen* court with the following language:

"The doctrine of *Welch v. State*, Tex.Civ. App., 148 S.W.2d 876, 879, writ refused, is that a statute authorizing suits or claims against the state 'does not render the state liable in tort for the negligence or misconduct of officers or agents of the state unless the state has, by statute, expressly agreed to be held liable on such claims.' Certainly, it cannot be said that Art. 6166z10 'expressly' created a liability against the state."

This holding has been uniformly followed. *See Barr v. Bernhard*, 562 S.W.2d 844 (Tex. 1978); *Jones v. Texas Gulf Sulphur Co.*, 397 S.W.2d 304 (Tex.Civ.App.—Houston 1965, writ ref. n. r. e.).

We do not agree with petitioners that the 61st Legislature intended to create a cause of action for exemplary damages by the incorporation of Section 5 of Article 8306

---

2. A cause of action for wrongful death did not exist at common law. Therefore, it is only by virtue of statutory authority that such suits can

be maintained. *Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182 (Tex.1968).

into Article 6674s. That same 61st Legislature expressly provided that exemplary damages could not be recovered against the State under the Tort Claims Act. This affirmative action would certainly negate any implied intent to permit only one class of claimants, i. e., Highway Department employees, to recover exemplary damages from the State.

A more meaningful construction is shown by the provision of the amendment that these 59 sections were incorporated as they then existed or as they might thereafter be amended. It may be that a future Legislature will waive the governmental immunity of the State for exemplary damages.[3]

In any event, Section 5 of Article 8306 does not create a cause of action for exemplary damages, but merely *saves* an existing one to the extent allowed by law. Section 5 provides in part:

> "Nothing in this law shall be taken or held to PROHIBIT the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employé whose death is occasioned by homicide from the wilful act or omission or gross negligence of any person, firm or corporation ... causing the death of the latter...." (Emphasis Added)

In *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934), we held that the purpose of Section 5 was not to create a cause of action for exemplary damages, but rather to leave the law as it was before the passage of the compensation act. *See also Trinity County Lumber Co. v. Ocean Accident & G. Corp.*, 228 S.W.2d 114 (Tex.Com. App.1921, opinion adopted). As pointed out heretofore in this opinion, a suit for exemplary damages for wrongful death is not permitted against the State under any other statute.

A somewhat similar question was presented in *Lyons v. Texas A & M University*, 545 S.W.2d 56 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.). There,

a seaman on a ship operated by Texas A & M sought to bring suit against the University under the general maritime law for injuries sustained by him in the course of his employment. In denying this relief, the court held that the Legislature had not waived governmental immunity in tort suits by state employees. Rather, it had retained the immunity and provided an alternative remedy through workers' compensation insurance.

Here the representatives of the deceased Texas Highway Department employee recovered benefits under the Workers' Compensation Law. The State has not waived its sovereign immunity for this suit to recover exemplary damages for the wrongful death.

We affirm the judgments of the courts below.

CAMPBELL, J., dissents in which RAY, J., joins.

CAMPBELL, Justice, dissenting.

I dissent.

In 1937, the 45th Legislature passed Article 6674s which provided workers' compensation coverage for State Highway Department employees. Section 11 of that Article provides a waiver of sovereign immunity by allowing employees to bring suit against the Department if they are not willing to abide by the final ruling of the Industrial Accident Board. Thus, Article 6674s provides a general waiver of immunity to employees of the Department who are killed or injured in the course and scope of employment.

In 1969, Section 5 of Article 8306 (Workers' Compensation Act) was specifically incorporated into Article 6674s. Section 5 provides:

> Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of

---

**3.** The initial version of the bill which enacted the Tort Claims Act did call for an unrestricted waiver of immunity. House Bill 456, 61st Legislature.

them as there may be of any deceased employé whose death is occasioned by homicide from the wilful act or omission or gross negligence of any person, firm or corporation from the employer of such employé at the time of the injury causing the death of the latter. In any suit so brought for exemplary damages the trial shall be de novo, and no presumption shall exist that any award, ruling or finding of the Industrial Accident Board was correct. In any such suit, such award, ruling or finding shall neither be pleaded nor offered in evidence.

Article 6674s, § 7(b) provides that the word "employer" shall be construed to and shall mean "the Department."

Article 6674s applies only to State Highway Department employees. Amending the Act to adopt Section 5 would be meaningless if it were not intended to allow suits to recover exemplary damages for gross negligence resulting in death of the employee. Even a strict construction of the phrase *"in any suit so brought for exemplary damages, the trial shall be de novo"* requires a determination that the Legislature intended to and did provide an existing legal claim for survivors of Department employees whose death resulted from gross negligence of the employer (The Department).

It has been held in *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934) and *Trinity County Lumber Co. v. Ocean Accident & Guaranty Corp.*, 228 S.W.2d 114 (Tex.Comm'n App.1921, jdgm't adopted) that Section 5 of Article 8306 was a savings clause and that its purpose was to leave the law as to exemplary damages the same as it was before the passage of the Workers' Compensation Act. However, those cases involved suits by employees of private employers and the construction of Section 5 as it applied to Article 8306. Those cases are not controlling in this case.

Here, we must determine the purpose of the Legislature in incorporating Section 5 into Article 6674s. As was stated in *State v. Hale*, 136 Tex. 29, 146 S.W.2d 731 (1941): "We do not believe that the Legislature intended to do a useless thing, by authoriz-ing plaintiffs to file a suit based on the ground that is prohibited by law nor do we believe that this Act should be given such a narrow and technical construction that would prohibit the filing of a suit for an existing legal claim...."

There is no constitutional authority for the filing of a suit by the survivors of a deceased employee whose death resulted from gross negligence of the employer (The Department). However, reading Section 5 as it applies to Article 6674s, substituting "the Department" for "employer," considering the last half of Section 5, and with the presumption that the Legislature did not intend to do a useless thing, I would hold that Section 5 as incorporated in Article 6674s creates such a cause of action.

After the State has waived its sovereign immunity in a suit for gross negligence causing the death of a Highway Department employee, it is an ordinary employer subject to the Workers' Compensation Act. Under these circumstances, heirs of employees of the Department of Highways and Public Transportation may sue the State in its capacity as an employer. I would hold the Duharts have a cause of action for gross negligence against the State.

RAY, J., joins in this dissent.