DEWITT 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00192-CV







Douglas T. DeWitt, Appellant



v.



Director, State Employees Workers' Compensation Division, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 474,246, HONORABLE B. F. COKER, JUDGE PRESIDING








 Appellant Douglas T. DeWitt brought suit against Director, State Employees
Workers' Compensation Division ("appellee") based on appellee's handling of his worker's
compensation claim, arguing in essence that the State owes its employees a duty to handle claims
for workers' compensation benefits fairly and in good faith analogous to the duty of good faith
and fair dealing imposed on private insurance carriers. The trial court granted summary judgment
in favor of appellee on grounds of sovereign immunity and statute of limitations. We will affirm
the trial-court judgment.



BACKGROUND


 In July 1986, DeWitt suffered a cerebral hemorrhage as a result as his cadet
training at the Texas Department of Public Safety Academy (the "DPS Academy"). As an
employee of DPS, DeWitt was covered by worker's compensation through the State Employees
Workers' Compensation Division, so he filed a claim for worker's compensation. Appellee
questioned whether or not the stroke was compensable and denied DeWitt's claim on September
26, 1986. A hearing was held before the Industrial Accident Board (the "Board"), (1) which
awarded worker's compensation benefits to DeWitt. Appellee appealed the Board order in a suit
to set aside the award. The case was tried before a jury, and DeWitt was awarded statutory total
lifetime benefits. Appellee appealed the trial-court judgment, which was affirmed by the court
of appeals. Director, State Employees Workers' Compensation Div. v. Douglas Todd DeWitt, No.
06-90-054-CV (Tex. App.--Texarkana June 25, 1991, writ denied) (not designated for publication).

 DeWitt contends that before the denial of his claim, appellee had obtained a medical
report from one of DeWitt's treating physicians, Dr. Hans Haydon, which clearly stated that the
stroke was related to his training at the DPS Academy and was therefore compensable. DeWitt
claims that appellee acted in bad faith by denying coverage and failing to disclose Dr. Haydon's
opinions to other treating physicians, the Industrial Accident Board, and his attorney. 
Accordingly, DeWitt sued appellee, alleging a breach of a claimed duty of good faith and fair
dealing in the handling of his worker's compensation claim, as well as insurance code violations,
fraud, negligence, and gross negligence. The trial court granted appellee's motion for summary
judgment on grounds of sovereign immunity and statute of limitations. In a single point of error,
DeWitt contends that the trial court erred in granting summary judgment, arguing that sovereign
immunity has been waived by the Texas Tort Claims Act and that his cause of action is not barred
by the statute of limitations.



DISCUSSION


 The Texas Supreme Court has held that "there is a duty on the part of workers'
compensation carriers to deal fairly and in good faith with injured employees in the processing
of compensation claims." Aranda v. Insurance Co. of North America, 748 S.W.2d 210, 212-13
(Tex. 1988). See also Arnold v. National County Mut. Fire Ins. Co., 725 S.W.2d 165, 176 (Tex.
1987). DeWitt asserts that had appellee been a private insurance company, there is no question
that there would be liability. However, appellee is not a private insurance company; it is a state
agency. DeWitt attempts to hold the State liable for a bad-faith insurance practice as if it were
a private insurance company, but he provides no authority for his underlying premise that the
State owes its employees a duty to deal fairly and in good faith concerning claims for workers'
compensation benefits. (2) We need not address whether the State owes its employees a duty to
handle workers' compensation claims fairly and in good faith, however, since we have determined
that the supreme court's recent pronouncement in University of Texas Medical Branch at
Galveston v. York, 871 S.W.2d 175 (Tex. 1994), disposes of DeWitt's claimed cause of action.

 Under the doctrine of governmental immunity, the state and its agencies are not
liable for the negligence of employees unless the state consents to be sued through a constitutional
or statutory provision for liability. Lowe v. Texas Tech Univ., 540 S.W.2d 297, 298 (Tex. 1976). 
To waive governmental immunity, the legislature must use clear and unambiguous language. 
Duhart v. State, 610 S.W.2d 740, 742 (Tex. 1980). In 1969 the legislature enacted the Texas
Tort Claims Act to waive governmental immunity in limited circumstances. See Tex. Civ. Prac.
& Rem. Code Ann. § 101 (West 1986 & Supp. 1995). Section 101.021 of the Act provides that
the state may be sued and held liable for:



(1) property damage, personal injury, and death proximately caused by the
wrongful act or omission or the negligence of an employee acting within the
scope of his employment if:


 (A) the property damage, personal injury, or death arise from the operation
or use of motor-driven equipment; and 


 (B) the employee would be personally liable to the claimant according to
Texas law; and


(2) personal injury and death so caused by a condition or use of tangible
personal property if the governmental unit would, were it a private person,
be liable to the claimant according to Texas law.



Id. § 101.021 (emphasis added). 

 In York, the court disposed of a medical malpractice cause of action, holding that
while paper can be touched, information recorded on paper is not tangible personal property. 871
S.W.2d at 179. The court ruled that failure to record information and failure to rely on
information that was recorded in a medical file does not constitute a use of tangible personal
property that waives governmental immunity:



While the paper on which doctors and nurses may record information about a
patient's condition is tangible in that paper can be seen and touched, information
itself is an abstract concept, lacking corporeal, physical or palpable qualities. 
Information thus, is tangible; the fact that information is recorded in writing does
not render the information tangible property.



Id. at 178-79 (emphasis added). DeWitt argues that Dr. Haydon's written report is tangible
personal property and that is was appellee's use of the report--the concealment of the report--that
caused DeWitt's injury. Appellee responds that it is immune from liability even if negligent
because the alleged negligent acts did not involve the use of tangible personal property. DeWitt urges us to limit York to its medical malpractice context. He insists that
he was harmed by appellee's failure to release the piece of paper containing Dr. Haydon's report,
as distinguished from harm caused by the use of nonuse of information. Any attempt to
distinguish DeWitt's case from York on this basis ignores a key similarity: It was the failure to
release the information contained in the report that harmed DeWitt, not the physical condition of
the written report itself. As the dissent in York observes and protests, "[I]t is not the tangible
physical file that counts, but the mental informational content, which [the court] concludes is not
`tangible.'" Id. at 180.

 Appellee treated DeWitt poorly in the handling of his worker's compensation claim. 
However, the state is liable only it its governmental immunity has been waived. York holds that
"the Legislature has not, by clear and unambiguous language, eliminated governmental immunity
for injuries resulting from the misuse of information, even if that information is recorded in
writing." Id. at 179. Because DeWitt's cause of action in tort involves the misuse of information
recorded in writing, we hold that it is precluded by York.

 Because of our resolution of this issue, we need not address whether DeWitt's cause
of action was barred by the two-year statute of limitations. We overrule DeWitt's sole point of
error and affirm the trial court's judgment.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: March 29, 1995

Publish

1.   The name of the Industrial Accident Board has since been changed to the Texas
Workers' Compensation Commission. Act of Dec. 12, 1989, 71st Leg., 2d C.S., ch. 1,
art. 17, § 17.01, 1989 Tex. Gen. Laws 1, 115.
2.   DeWitt cites Jackson v. City of Galveston, 837 S.W.2d 864 (Tex. App.--Houston [14th
Dist.] 1992, writ denied), among his post-submission authorities. However, in that case the
Houston Court of Appeals left unresolved the question of whether the City of Galveston owed
appellant a duty to deal fairly and in good faith concerning his claim for workers'
compensation benefits.