COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-052-CV

 

 

BOYER, INC.                                                                       APPELLANT

 

                                                   V.

 

TRINITY RIVER AUTHORITY 

OF
TEXAS                                                                            APPELLEE

 

                                              ------------

 

           FROM
THE 141ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant Boyer, Inc. seeks a
reversal of the trial court=s summary judgment for Appellee Trinity River Authority of Texas (ATRA@) dismissing
Boyer=s claim for lack of jurisdiction. 
Boyer argues on appeal that the trial court erred by not finding a
waiver of immunity under the Texas Local Government Code because Boyer properly
pleaded and provided sufficient summary judgment evidence to support the
existence of a contract and a claim for breach of that contract.  Boyer also argues that trial court erred if
summary judgment was based on TRA=s position that the Texas Water Code contains no waiver of immunity
for Boyer=s contract
claims because the water code is irrelevant to the sovereign immunity
analysis.  Because we hold that the trial
court erred by granting summary judgment and dismissing Boyer=s claim, we reverse the judgment and remand the cause for further
proceedings.

Facts and Procedural History

On December 1, 1999, TRA and
Boyer entered into a contract for work on TRA=s Lake Livingston Dam Improvements Project.  Before completion of the work, TRA and Boyer
executed a change order for additional work to be done by Boyer.

In June 2003, Boyer provided
TRA with a revised estimate, adding 
$1,611,848.85 to the estimate that it had previously submitted.  TRA did not take action on the revised
estimate and subsequently terminated the contract. In January 2004, TRA
instructed Boyer to demobilize and provide a final cost accounting.  Boyer submitted a balance due of
$624,051.00.  TRA disputed Boyer=s calculations, which included actual field costs and a fifteen
percent mark-up, and after the parties failed to resolve their disagreement,
Boyer filed this suit.








TRA filed a plea to the
jurisdiction and a summary judgment motion on its plea to the
jurisdiction.  TRA asserted in its motion
that Boyer had already been paid according to the terms of the change order.  According to TRA, although Boyer claimed that
TRA was not immune from suit because Boyer=s cause of action was a suit on a written contract, in this case Boyer
sought additional profits, which are consequential damages.  TRA argued that under the local government
code, consequential damages are not recoverable by a plaintiff suing on a
written contract.  Thus, TRA argued that
it had immunity from suit.        TRA also asserted no-evidence grounds for
summary judgment, arguing that there is no evidence that this is not a bona
fide dispute, and thus the Prompt Payment Act does not apply here, and that
there is no evidence that Boyer gave appropriate notice or followed the
procedures required under the Prompt Payment Act.








In its response to TRA=s motion for summary judgment, Boyer maintained that the contract, as
amended by the change order, provided for Boyer to be paid the fifteen percent
mark-up.  Boyer asserted that the trial
court had jurisdiction under Local Government Code sections 271.151 through
271.160 and claimed that these provisions authorize damages for a balance due
under a contract, Aas it may
have been amended, including any compensation for the increased cost to perform
the work as a direct result of owner-caused delays.@  Boyer claimed that the fifteen
percent mark-up included Aincreased
costs to perform,@ as the
mark-up included significant overhead costs, not just profits.  The trial court granted summary judgment for
TRA and dismissed Boyer=s claims
with prejudice for lack of subject matter jurisdiction.

Standard
of Review

A defendant is entitled to
summary judgment on an affirmative defense if the defendant conclusively proves
all the elements of the affirmative defense.[1]  To accomplish this, the defendant-movant must
present summary judgment evidence that establishes each element of the
affirmative defense as a matter of law.[2]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[3]

Analysis








Sovereign immunity protects
the state from suits for money damages, and the state=s political subdivisions Aare entitled to such immunityCreferred to as governmental immunityCunless it has been waived.@[4]  We will refer to both
sovereign immunity and governmental immunity as Asovereign immunity.@        In its first issue, Boyer
argues that it properly pleaded and provided sufficient summary judgment
evidence to support the existence of a contract and a claim for breach of that
contract, and, therefore, under Texas Local Government Code sections 271.151
through 271.160, TRA does not have sovereign immunity.

Sovereign immunity is waived
only by clear and unambiguous language.[5]  Texas Local Government Code section 271.152
states:

A local governmental entity that is authorized by
statute or the constitution to enter into a contract and that enters into a
contract subject to this subchapter waives sovereign immunity to suit for the
purpose of adjudicating a claim for breach of the contract, subject to the
terms and conditions of this subchapter.[6]

 

Section 271.153 limits the availability of
damages in a suit under this subchapter:

(a)  The total amount of money awarded in an
adjudication brought against a local governmental entity for breach of a
contract subject to this subchapter is limited to the following:








 

(1) the balance due and owed by the local
governmental entity under the contract as it may have been amended, including
any amount owed as compensation for the increased cost to perform the work as a
direct result of owner‑caused delays or acceleration;

 

(2) the amount owed for change orders or
additional work the contractor is directed to perform by a local governmental
entity in connection with the contract; and

 

(3) interest
as allowed by law.[7]

This section goes on to state that A[d]amages awarded in an adjudication brought against a local
governmental entity arising under a contract subject to this subchapter may not
include . . . consequential damages, except as expressly allowed under
Subsection (a)(1) [or] . . . damages for unabsorbed home office overhead.@[8]








Section 271.151 defines A[c]ontract subject to this subchapter@ as Aa written
contract stating the essential terms of the agreement for providing goods or
services to the local governmental entity that is properly executed on behalf
of the local governmental entity.@[9]  River authorities are included
in the definition of Alocal
governmental entity.@[10]

The statutory provisions at
issue contain the following historical note:

Sections
271.152, 271.153, and 271.154, Local Government Code, as added by this Act,
apply to a claim that arises under a contract executed before the effective
date [Sept. 1, 2005] of this Act only if sovereign immunity has not been waived
with respect to the claim before the effective date of this Act.  A claim that arises under a contract executed
before the effective date of this Act and with respect to which sovereign
immunity has been waived is governed by the law in effect on the date the
contract was executed, and the former law is continued in effect for that
purpose.

These statutes thus retroactively apply to Boyer=s claim unless sovereign immunity had been waived with respect to the
claim before September 1, 2005.  The
parties have not asserted any clear and unambiguous waiver of sovereign
immunity prior to September 1, 2005, and we have found none.[11]  Therefore, these sections apply in this case.








We note that although the
parties dispute the application of Texas Water Code section 49.066(a) to this
case, neither party asserts that this provision waives a river authority=s sovereign immunity.  Section
49.066(a) states that a district (which, under section 49.001(a)(1) includes
the TRA[12])
Amay sue and be sued@ and that Aa suit for
contract damages may be brought . . . only on a written contract of the
district approved by the district=s board.@[13]  We agree with the San Antonio
court of appeals that this provision does not waive sovereign immunity.[14]

On appeal, TRA reasserts that
Boyer=s claim is for consequential damages and that the local government
code does not waive immunity for suits on consequential damages.  Damages from a breach of contract may be Adirect@ or Aconsequential.@  Direct damages are Athe necessary and usual result of the defendant=s wrongful act; they flow naturally and necessarily from the wrong.@[15]  Consequential damages are Athose that result naturally, but not necessarily, from the acts
complained of.@[16]








TRA is correct that the
statute generally does not allow recovery of consequential damages, although
they may be recovered if they are part of Athe balance due and owed by the local governmental entity under the
contract as it may have been amended, including any amount owed as compensation
for the increased cost to perform the work as a direct result of owner‑caused
delays or acceleration.@[17]








TRA argues that Boyer was
paid as provided under the change order and that Boyer seeks Alost profits,@ which are
consequential damages.  TRA is correct
that courts have found lost profits to be consequential damages.[18]  But here, Boyer complains that it was not
paid amounts due under the contract between the parties.  Accordingly, whether the amount Boyer claims
is due constitutes profits to Boyer is irrelevant if the contract provided for
those payments.[19]  Boyer would be seeking consequential damages
if it were seeking an amount not provided for in the contract but which it
would have received had the TRA not breached the contract;[20]
but in this case, Boyer is seeking an amount it claims that TRA contracted to
pay for work Boyer has performed.  Boyer
thus seeks direct damages, not consequential damages.  Consequently, Boyer=s suit on the contract is not barred by section 271.153(b)(1).

This case is distinguishable
from Tooke v. City of Mexia, in which the Texas Supreme Court affirmed
the court of appeals=s holding
that the profits sought by the Tookes under a contract were consequential
damages and therefore the City of Mexia had not waived immunity.[21]  In that case, the court specifically noted
that the Tookes did not claim that Mexia had failed to pay for work they had
done.[22]  In this case, Boyer does claim that TRA has
not paid it for work done.  The entire
basis of Boyer=s suit is
that it did work for which it has not been paid according to the terms agreed
upon by the parties.  Tooke
therefore does not control our holding.[23]








Accordingly, we hold that
under sections 271.152 and 271.153 of the local government code, the trial
court erred by granting summary judgment and dismissing the case for lack of
jurisdiction.  Whether Boyer is correct
that the contract, as modified by the change order, required TRA to pay the
damages sought by Boyer is a question for the trial court and one we need not
reach.  We sustain Boyer=s first issue.

In its second issue, Boyer
argues that trial court erred if its summary judgment was based on TRA=s position that the water code contains no waiver of immunity for
Boyer=s contract claims because the water code is irrelevant to the
sovereign immunity analysis.  In its
summary judgment motion, TRA referenced sections 49.001(a)(1), (3), 49.066(a),
49.067(b), 49.271(a), (b), and 49.273(i) of the water code.  We have already held that section 49.066(a)
does not waive sovereign immunity; none of the other provisions cited by TRA either
expressly waive sovereign immunity or limit any such waiver.[24]








TRA stated in its summary
judgment motion that the water code Aprohibits suit unless on a written contract or change order approved
by and made with the board of directors of TRA.@  Although TRA does not
expressly tie the water code and the local government code (or otherwise
explain its argument), we understand TRA to argue that, even if immunity is
otherwise waived in a suit for breach of contract, the contract at issue must
be in writing and approved by the board of directors.

We agree with Boyer that
under the facts of this case, the water code has no relevance to a
determination of immunity.  We do not
need to determine if TRA was correct that the water code limits the waiver of
immunity found in local government code section 271.152 because TRA does not
dispute that it validly entered into both the original contract and the change
order at issue.  Thus, the water code is
relevant, if at all, only to a determination of whether Boyer can seek to
enforce any contract terms other than those in the written contract, as
modified by the change order, and thus to what extent Boyer=s claim has merit.  We hold that
the trial court erred if it based its summary judgment on TRA=s argument that under the water code, TRA had immunity from Boyer=s suit.  We sustain Boyer=s second issue.

 

 

 

 

 

 








Conclusion

Having sustained both of
Boyer=s issues, we reverse the trial court=s judgment and remand this cause for further proceedings.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT,
and WALKER, JJ.

DELIVERED: 
January 17, 2008











[1]Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); see Tex. R. Civ. P. 166a(b), (c).





[2]Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).





[3]IHS
Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason,
143 S.W.3d 794, 798 (Tex. 2004).





[4]Reata
Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex.
2006).





[5]Tooke
v. City of Mexia, 197 S.W.3d 325, 328-29 (Tex. 2006); Duhart
v. State, 610 S.W.2d 740, 742 (Tex. 1980).





[6]Tex. Loc. Gov=t Code Ann. '
271.152 (Vernon 2005).





[7]Id. at '
271.153(a).





[8]Id. at '
271.153(b)(1), (b)(3).





[9]Id. at '
271.151(2).





[10]Id. at '
271.151(3)(C).





[11]See
Tooke, 197 S.W.3d at 328-29 (noting that sovereign immunity is waived only
by clear and unambiguous language).





[12]See Tex. Water Code Ann. '
49.001(a)(1) (Vernon Supp. 2007).





[13]Id. '
49.066(a).





[14]Bexar
Metro. Water Dist. v. Educ. and Econ. Dev. Joint Venture, 220
S.W.3d 25, 31 (Tex. App.CSan
Antonio 2006, pet. filed); see also Tooke, 197 S.W.3d at 342 (holding
that the words Asue
and be sued@ when
used in a statute do not, by themselves, waive immunity).





[15]Matheus
v. Sasser, 164 S.W.3d 453, 459 (Tex. App.CFort
Worth 2005, no pet.).





[16]Id.





[17]See Tex. Loc. Gov=t Code Ann. '
271.153(a)(1), (b)(1).





[18]See Tooke,
197 S.W.3d at 346 (stating that lost profits are consequential damages).





[19]See Cont=l
Holdings, Ltd. v. Leahy, 132 S.W.3d 471, 475 (Tex.
App.CEastland
2003, no pet.) (noting that lost profits may be direct damages or consequential
damages).





[20]See
Tooke, 197 S.W.3d at 346; Olympic Waste Servs. v. City of Grand Saline,
204 S.W.3d 496, 500 (Tex. App.CTyler 2006, no pet.) (holding
that the plaintiffs attempted to recover lost profits, which under the facts of
the case were consequential damages).





[21]See
Tooke, 197 S.W.3d at 345-46.





[22]Id.





[23]See
also Olympic Waste Servs., 204 S.W.3d at 500 (following Tooke where
the plaintiff sought lost profit damages for work it would have performed under
a contract had the contract not been terminated).





[24]See Tex. Water Code Ann. '' 49.001(a)(1), (3), 49.066(a), 49.067(b),
49.271(a), (b), 49.273(i) (Vernon 2000 & Supp. 2007).