# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00605-CV

**Texas Parks and Wildlife Department, Appellant**

**v.**

**Fernando Flores, Appellee**

### FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT
### NO. CV-07144, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Fernando Flores brought suit against the Texas Parks and Wildlife Department ("TPWD") for retaliatory discharge, alleging that he was terminated for filing a workers' compensation claim. *See* Tex. Lab. Code Ann. §§ 451.001-.003 (West 2006). TPWD filed a plea to the jurisdiction, which the trial court denied. In this interlocutory appeal, TPWD argues that the trial court erred in denying its plea to the jurisdiction because Flores did not establish a waiver of sovereign immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2005) (permitting appeal of interlocutory order that grants or denies plea to the jurisdiction by governmental unit). We affirm the denial of the plea to the jurisdiction.

## BACKGROUND

Flores was previously employed by TPWD as a park ranger at Blanco State Park. In 2009 and 2010, Flores allegedly sustained work-related injuries. According to his original petition,

Flores received a letter from his supervisor advising him that if he did not return to work without restrictions by October 15, 2010, his employment would be terminated. On October 14, 2010, Flores submitted a workers' compensation status report to TPWD. The report, which was completed by Flores's doctor, indicated that Flores was only cleared to return to work with restrictions. By letter dated October 15, 2010, Flores was notified that his employment was terminated for his failure to return without restrictions.

On May 5, 2011, Flores filed suit against TPWD under chapter 451 of the Texas Labor Code, also known as the Anti-Retaliation Law, which provides that a person may not be discharged for filing a workers' compensation claim in good faith. *See* Tex. Lab. Code Ann. §§ 451.001-.003. TPWD answered and subsequently filed a plea to the jurisdiction asserting that the court lacked subject-matter jurisdiction over Flores's claim because there is no waiver of sovereign immunity for claims brought against state agencies under the Anti-Retaliation Law. In response, Flores argued that the State Applications Act operates as a waiver of sovereign immunity for his anti-retaliation claim. *See id.* § 501.002(a)(10), (b) (West 2006). Following a hearing, the trial court denied TPWD's plea to the jurisdiction. This interlocutory appeal followed.

In its sole issue on appeal, TPWD contends that the trial court erred in denying its plea because the legislature has not clearly and unambiguously waived sovereign immunity from suit under the Anti-Retaliation Law, as required by section 311.034 of the Code Construction Act. *See* Tex. Gov't Code Ann. § 311.034 (West Supp. 2011).

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea that challenges the trial court's authority to determine the subject matter of a specific cause of action. *See Bland Indep. Sch. Dist. v. Blue*,

2

34 S.W.3d 547, 553-54 (Tex. 2000). Sovereign immunity from suit deprives a court of subject-matter jurisdiction and therefore is properly asserted in a plea to the jurisdiction. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007).

## DISCUSSION

The State and its agencies are generally immune from suit, absent an express waiver of sovereign immunity. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Texas courts defer to the legislature to waive sovereign immunity from suit, because this allows the legislature to protect its policymaking function. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Thus, a waiver of sovereign immunity must be expressed in clear and unambiguous statutory language. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 58 (Tex. 2011); *see also* Tex. Gov't Code Ann. § 311.034.

**State Applications Act and the Anti-Retaliation Law**

The State Applications Act requires state agencies, such as TPWD, to provide workers' compensation benefits to their employees. *See* Tex. Lab. Code Ann. § 501.021 (West 2006). The State Applications Act also incorporates many provisions of the Workers' Compensation Act and makes them applicable to state agencies, such as TPWD. *See id*. § 501.002(a) (providing that "[t]he following provisions of Subtitles A and B apply to and are included in this chapter except to the extent that they are inconsistent with this chapter"). In addition, the State Applications Act makes the Anti-Retaliation Law applicable to state agencies. *Id*.

3

In *Kerrville State Hospital v. Fernandez,* the Texas Supreme Court addressed the very same issue now before this court—whether the State Applications Act waives state agencies' sovereign immunity for claims brought under the Anti-Retaliation Law. 28 S.W.3d 1, 4 (Tex. 2000).[1] The supreme court examined the 1989 version of the State Applications Act and determined that it provided a clear and unambiguous waiver of state agencies' sovereign immunity for anti-retaliation claims. *Id*. at 18-19.

In reaching its conclusion, the supreme court focused its analysis on section 15(b) of the 1989 version of the State Applications Act. The first sentence of section 15(b) incorporated the Anti-Retaliation Law into the State Application Act. Act of Dec. 13, 1989, 71st Leg. 2d C.S., ch. 1, § 15, 1989 Tex. Gen. Laws 1, 111-12 (current version at Tex. Lab. Code Ann. § 501.002(a)). The supreme court acknowledged that this incorporation, standing alone, failed to sufficiently demonstrate the legislature's intent to waive immunity. *See Fernandez*, 28 S.W.3d at 14 (citing *Duhart v. State*, 610 S.W.2d 740, 742-43 (Tex. 1980)). However, the second sentence of section 15(b) provided that the "individual agency shall be considered the employer" for purposes of the Anti-Retaliation Law. Act of Dec. 13, 1989, 71st Leg. 2d C.S., ch. 1, § 15, 1989 Tex. Gen. Laws 1, 111-12. The court explained that, by including this second sentence, the legislature went far beyond merely incorporating the Anti-Retaliation Law into the State Applications Act. *See Fernandez*, 28 S.W.3d at 15. Instead, in this second sentence, the legislature specifically chose to designate the agency as

---

[1] Prior to *Fernandez*, the supreme court had determined that the Anti-Retaliation Law itself did not contain a clear and unambiguous waiver of immunity. *See City of LaPorte v. Barfield*, 898 S.W.2d 288, 298-99 (Tex. 1995). In this case, there is no dispute that the Anti-Retaliation Law itself does not operate as a waiver a sovereign immunity. *See Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.2d 54, 57 (Tex. 2011) (noting that Anti-Retaliation Law has never been amended).

"the employer" for purposes of the Anti-Retaliation Law. *Id*. The court reasoned that this designation would make no sense if the agency could not be sued under the Anti-Retaliation Law, rhetorically asking, "Why would the legislature designate an individual state agency as the employer for purposes of a law creating a cause of action if the agency cannot be sued for that cause of action?" *Id*. at 15-16. Based on these observations, the supreme court concluded that section 15(b) would serve no purpose if the legislature did not intend to waive state agencies' sovereign immunity for anti-retaliation claims. *Id*. at 9, 18-19.

In this case, TPWD does not dispute that the supreme court in *Fernandez* held that the legislature clearly and unambiguously waived sovereign immunity for claims against state agencies under the Anti-Retaliation Law. Instead, TPWD contends that the supreme court's holding in *Fernandez* should be re-examined in light of the legislature's 2001 enactment of section 311.034 of the Code Construction Act and subsequent legislative amendments to the State Applications Act. *See* Tex. Gov't Code Ann. § 311.034; Tex. Lab. Code Ann. §§ 501.001-051 (West 2006 & Supp. 2011).

**Section 311.034 of the Code Construction Act**

We first examine whether the legislature's subsequent enactment of section 311.034 of the Code Construction Act overrules the Texas Supreme Court's holding in *Fernandez*. Section 311.034 was added to the Code Construction Act in 2001 and in relevant part provides:

> In order to preserve the Legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.

5

Tex. Gov't Code Ann. § 311.034. However, even before 2001, Texas courts had required a clear and unambiguous expression of waiver of sovereign immunity. *See, e.g.*, *City of LaPorte v. Barfield*, 898 S.W.2d 288, 291 (Tex. 1995); *Duhart v. State*, 610 S.W.2d 740, 742 (Tex. 1980); *Texas Workers' Comp. Comm'n v. Texas Builders Ins. Co.*, 994 S.W.2d 902, 906 (Tex. App.—Austin 1999, pet. denied). In *Fernandez*, the supreme court applied this common-law standard, explaining that the purpose of the clear-and-unambiguous requirement was "to guarantee that courts adhere to legislative intent." 28 S.W.3d at 3.

TPWD contends that, unlike the common-law standard applied in *Fernandez*, section 311.034 now makes clear that waiver is effected only by clear and unambiguous *language*. According to TPWD, the court in *Fernandez* instead determined that the legislature expressed a clear and unambiguous *intent* to waive sovereign immunity, which is no longer relevant under section 311.034.

We disagree that enactment of section 311.034 was intended to modify the common-law standard for waiver of sovereign immunity. As the Texas Supreme Court recently recognized in *Travis Central Appraisal District v. Norman*, section 311.304 merely codified this pre-existing, clear-and-unambiguous standard. 342 S.W.3d at 58. Moreover, both before and after the enactment of section 311.034, the clear-and-unambiguous standard for waiver of sovereign immunity has focused on legislative intent. In *Norman*, the court explained that the current clear-and-unambiguous requirement should not be applied "mechanically to defeat the law's purpose or the legislature's intent." *Id.* at 58 (citing *Barfield*, 898 SW.2d at 288). Rather, legislative intent "remains the polestar of statutory construction." *See id.*

Thus, even though *Fernandez* was decided before the enactment of section 311.034, the court in *Fernandez* applied the same standard for waiver of sovereign immunity presented in section 311.034 of the Code Construction Act. *See* 28. S.W.3d at 3. We cannot conclude that *Fernandez* was overturned by the legislature's subsequent codification of the clear-and-unambiguous standard.

**Changes to the State Applications Act**

We next consider whether, as a result of subsequent legislative amendments, the State Applications Act no longer reflects a clear and unambiguous waiver of sovereign immunity. TPWD asserts that the specific language of the State Applications Act relied on by the court in *Fernandez*, section 15(b), has substantively changed since that decision. TPWD contends that, as a result of these changes, the State Applications Act is now "too internally inconsistent" to clearly and unambiguously waive sovereign immunity.[2] S*ee Norman*, 342 S.W.3d at 58 (holding that Political Subdivisions Law no longer operates as waiver of sovereign immunity). Instead, according to TPWD, the language is now nearly identical to language that the supreme court in *City of LaPorte*

---

[2] TPWD asserts that, under the Texas Supreme Court's reasoning in *Travis Central Appraisal District v. Norman*, the legislative changes to the State Applications Act render it "too internally inconsistent" to satisfy the clear-and-unambiguous standard for waiver of immunity. 342 S.W.3d at 58-59. However, the legislature has "continually tinkered with" the Political Subdivisions Law at issue in *Norman*, having amended it more than four times since the supreme court originally determined that it expressed an intent to waive immunity. *Id*. at 57. Most notably, the legislature added an express "no-waiver" provision, which the supreme court concluded renders the Political Subdivision Law "too internally inconsistent." *See also* Tex. Labor Code Ann. § 504.053(e) (West 2006) ("Nothing in the [Political Subdivision Law] waives sovereign immunity or creates a new cause of action"). The State Applications Act does not include a "no-waiver" provision. In short, *Norman* is not controlling in this case.

*v. Barfield* concluded fails to adequately express a waiver of sovereign immunity. *See* 898 S.W.2d at 295.

In *Barfield*, the Texas Supreme Court held that the 1981 and 1989 versions of the Political Subdivisions Law operated as a clear waiver of sovereign immunity for anti-retaliation claims brought against political subdivisions. *See id*. at 297-299. However, in reaching this conclusion, the court first analyzed whether a cross-reference provision in the 1981 Political Subdivisions Law expressed a clear intent to waive immunity. *See id*. at 295. That provision provided that when the various statutes adopted by the Political Subdivisions Law used the words "'association,' 'subscriber,' or 'employer,' or their equivalents" that those words were to be construed to mean "political subdivision." Act of May 31, 1981, 67th Leg., R.S., ch. 352, § 3, 1981 Tex. Gen. Laws 937, 938 (current version at Tex. Lab. Code Ann. § 501.002(b)-(c)). The supreme court concluded that the Political Subdivisions Law's incorporation of the Anti-Retaliation Law accompanied by this type of cross-reference provision was an insufficient expression of the legislature's intent to waive immunity. *See Barfield*, 898 S.W.2d at 295. TPWD now asserts, in essence, that the relevant provisions in the current version of the State Applications Act more closely resemble the cross-reference provision rejected as a waiver of sovereign immunity in *Barfield*, as opposed to section 15(b), the provision of the 1989 State Applications Act relied on by the court in *Fernandez*.

As previously discussed, the supreme court in *Fernandez* focused its analysis on section 15(b) of the 1989 version of the State Application Act. Section 15(b) stated:

8

> [The Anti-Retaliation Law] is adopted except to the extent it is inconsistent with this article. For the purpose of [the Anti-Retaliation Law], the individual state agency shall be considered the employer.

Act of Dec. 13, 1989, 71st Leg. 2d C.S., ch. 1, § 15, 1989 Tex. Gen. Laws 1, 111-12. As a result of legislative changes, section 15(b) of the 1989 version of the State Applications Act has been replaced by section 501.002(a) and section 501.002(b). These portions of the State Applications Act currently provide:

> (a) The following provisions of [the Texas Worker's Compensation Act] and [the Anti-Retaliation Law] apply to and are included in this chapter except to the extent that they are inconsistent with this chapter:
>
> . . .
>
> > (10) [the Anti-Retaliation Law]
>
> (b) For the purposes of [State Applications Act] and [the Anti-Retaliation Law], the individual state agency shall be considered the employer.

Tex. Lab. Code Ann. §501.002(a)(b) (West 2006). Upon comparing these statutory provisions, we conclude that section 501.002(a) and (b) of the current State Applications Act, including its designation of the individual state agency as the "employer" for purposes of the Anti-Retaliation Law, are virtually identical to section 15(b). In addition, we disagree that the section 501.002(b) in the current version of the State Applications Act is substantially similar to the cross-reference provision at issue in *Barfield*.

Like the version of the Political Subdivisions Law at issue in *Barfield*, section 501.002(a) of the current version of the State Applications Act incorporates many workers

compensation statutes normally applicable only to private employers, including the Anti-Retaliation Law. *See* Tex. Labor Code Ann. § 501.002(a) (adopting all, or portions of, chapters 401-406, 408-417, and 451). However, unlike the cross-reference provision at issue in *Barfield*, section 501.002(b) does not simply provide instructions for "substituting one word for another in a series of statutes" *See Fernandez*, 28 S.W.3d at 8. Instead, just like section 15(b) of the 1989 version of the State Applications Act, section 501.002(b) provides instructions for how to treat state agencies under *only one* of the statutes incorporated—the Anti-Retaliation Law. *See id.* (rejecting argument that section 15(b) of State Applications Act was cross-reference provision "virtually identical" to cross-reference provision of Political Subdivisions Law, reasoning that it provided "instructions for how to treat state agencies under a specified statute"). As the supreme court reasoned in *Fernandez*, the legislature would have no reason to make this type of specific designation unless it intended to waive immunity for anti-retaliation claims. *See* 28 S.W.3d at 9. Accordingly, we cannot conclude that State Applications Act has substantively changed since the supreme court's decision in *Fernandez* or that the State Applications Act has been rendered "too internally inconsistent."

Whether the current version of the State Applications Act reflects a clear and unambiguous waiver of sovereign immunity has not yet been decided by the Texas Supreme Court. However, several of our sister courts of appeals have recently addressed the issue and held that neither the subsequent enactment of section 311.034 of the Code Construction Act nor any amendment to the State Applications Act changes the court's holding in *Fernandez*. *See Texas Dep't of Aging & Disability Servs. v. Beltran*, 350 S.W.3d 410, 414-15 (Tex. App.—El Paso 2011, pet. filed); *Texas Office of the Comptroller of Pub. Accounts v. Saito*, No. 05-10-00297-CV,

2012 Tex. App. LEXIS 5333, at *10 (Tex. App.—Dallas July 5, 2012, no pet. h.) (mem. op); *Office of the Attorney Gen. v. Diaz*, No. 13-10-00479-CV, 2011 Tex. App. LEXIS 8349, at *7 (Tex. App.—Corpus Christi Oct. 20, 2011, pet. filed) (mem. op.). Having considered these same arguments, we also determine that *Fernandez* remains good law which binds this Court.[3] *See Beltran*, 350 S.W.3d at 416 ("Under the doctrine of stare decisis, it is not our function to abrogate or modify established precedent. . . . That function lies solely with the Texas Supreme Court."); *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.) ("As an intermediate court, we are not free to mold Texas law as we see fit but must instead follow the precedents of the Texas Supreme Court unless and until the high court overrules them or the Texas Legislature supersedes them by statute."). Accordingly, we conclude that the State Applications Act clearly and unambiguously expresses the legislature's intent to waive sovereign immunity for claims brought against state agencies under the Anti-Retaliation Law. We overrule the TPWD's sole issue on appeal.

**CONCLUSION**

We affirm the trial court's order denying TPWD's plea to the jurisdiction.

---

[3] TPWD also asserts that section 501.002(d) of the State Applications Act indicates that the legislature did not intend to waive sovereign immunity. This section provides that neither the State Applications Act nor the Workers' Compensation Act "authorizes a cause of action or damages against the state, a state agency, or an employee of the state beyond the actions and damages authorized by [the Texas Torts Claim Act.]." *See* Tex. Lab. Code Ann. § 501.002(d) (West 2006); Tex. Civ. Prac. & Rem. Code Ann. §§ 101.023-.024 (West 2011). However, this provision was expressly considered by the Texas Supreme Court in *Kerrville State Hospital v. Fernandez*, and the court held that it served to incorporate the tort claim act's damage caps. *See* 28 S.W.3d 1, 9-10 (Tex. 2000); *see also Barfield*, 898 S.W.2d at 299 (concluding that identical provision in Political Subdivisions Law served to impose limits on damages recoverable under Anti-Retaliation Law). We will not second guess the Texas Supreme Court's reasoning in reaching this conclusion.

11

_____

Diane M. Henson, Justice

Before Justices Puryear, Henson, and Goodwin

Affirmed

Filed:   August 10, 2012