In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00093-CV
_____

CITY OF BEAUMONT, Appellant

V.

CODY GARRETT AND CHERRY JONES GATES, Appellees

On Appeal from the County Court at Law No. 1
Jefferson County, Texas
Trial Cause No. 124,331

OPINION

This is an interlocutory accelerated appeal from a trial court's order denying the City of Beaumont's plea to the jurisdiction. We affirm.

Background

The ruling on appeal relates to a suit that Cody Garrett filed against the City arising from an intersectional collision that occurred in February 2012. Cars driven by Garrett and Cherry Jones Gates collided in an intersection that is normally controlled by a light; however, on the morning their cars were in the accident, the

light controlling the intersection was out.[1] Gates, who was driving her car in a northerly direction on Pennsylvania Street, struck the car being driven by Garrett, who was westbound on Emmett Avenue. Gates testified[2] that she did not stop before entering the intersection even though she knew the stoplight at the intersection was not working. Garrett testified[3] that when he approached the intersection, he noticed that the traffic light was not working and that he stopped before entering the intersection. However, in her testimony, Gates suggested that Garrett did not stop before attempting to cross the intersection.

In 2013, Garrett sued Gates and the City claiming they were negligent. With respect to his claim against the City, Garrett asserted that the City failed to repair the stoplight at the intersection even though it had been notified that the stoplight was out. When the City answered, it asserted it was immune from Garrett's claims under the doctrine of governmental immunity.

---

[1] The evidence in the record does not indicate why the light was out. However, before the hearing on the City's motion, the City admitted that, approximately thirty to ninety minutes before the accident, it had received notice that the light at the intersection of Emmett and Pennsylvania was not working.

[2] The City included Gates' deposition as an exhibit to support its request to dismiss Garrett's claims.

[3] Garrett's deposition was also included as an exhibit to the City's motion.

In 2015, the City filed a plea to the jurisdiction, challenging the trial court's exercise of jurisdiction over Garrett's claims. In its plea, the City asserted that Garrett could not establish that the malfunction in the signal created an unreasonable risk of harm, could not establish that he did not have actual knowledge that the light had malfunctioned, could not establish that the City had breached a duty of ordinary care, and could not establish that the City's acts or omissions proximately caused the collision. Garrett's response to the City's plea includes his affidavit, in which he stated that he knew the light facing him was not working as he approached the intersection; however, Garrett denied knowing that the light facing Gates was out.

In March 2015, without stating a basis for its ruling, the trial court denied the City's plea. Subsequently, the City timely perfected an interlocutory appeal to challenge whether the trial court properly denied its plea. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8) (West Supp. 2015).[4]

## Waiver of Immunity

The City challenged the trial court's jurisdiction through a plea to the jurisdiction. A plea to the jurisdiction is a dilatory plea that challenges a court's power to decide a dispute. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554

---

[4] We cite to the current version of the statute, as the 2015 amendments do not affect the City's right to an interlocutory appeal.

3

(Tex. 2000). Generally, in the absence of the State's permission allowing a governmental unit to be sued, a trial court lacks subject-matter jurisdiction over the governmental unit that has been sued. *See Fed. Sign v. Tex. S. Univ*., 951 S.W.2d 401, 403 (Tex. 1997); *Duhart v. State*, 610 S.W.2d 740, 741 (Tex. 1980).

For cases involving torts, the Tort Claims Act controls whether a court has been given permission by the Legislature to adjudicate a dispute against a governmental unit. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021-.029 (West 2011 & Supp. 2015). Under section 101.025 of the Tort Claims Act, a governmental unit can be sued for damages only to the extent that the Tort Claims Act creates liability for the governmental entity's acts or omissions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.025 (West 2011). With respect to the liability of municipalities for operating and maintaining traffic signals, the Tort Claims Act creates liability only if the malfunction in the signal "is not corrected by the responsible governmental unit within a reasonable time after notice[.]" Tex. Civ. Prac. & Rem. Code Ann. § 101.060(a)(2) (West 2011); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(31) (West Supp. 2015), § 101.025.

In this case, the evidence before the trial court indicates that the City had notice of the malfunction of the signal before the collision between the cars driven by Gates and Garrett occurred. However, there was no evidence before the trial

4

court showing the exact nature of the problem with the light, and no evidence explaining how long it should have taken a reasonably prudent governmental entity to correct such a problem. Given that the City acknowledged that it received notice of the malfunction before the collision occurred, and given the complete lack of evidence about whether the City acted unreasonably by failing to correct the malfunction within a thirty to ninety minute period before the collision occurred, the trial court had the authority to allow the parties more time to develop whether the City acted unreasonably given the notice it had about the problem with the light before the collision occurred. *See Blue*, 34 S.W.3d at 554; *Capshaw v. Tex. Dep't of Transp.*, 988 S.W.2d 943, 946 (Tex. App.—El Paso 1999, pet. denied).

The City maintains that its plea should have been granted for several additional reasons. According to the City, the hazard posed at the intersection by the malfunction in the light was not unreasonable, Garrett knew the light facing him was out, and its acts and omissions did not proximately cause the accident. With respect to these arguments, the City asserts that the duty it owed to Garrett was "only the duty that a private person owes to a licensee on private property." Tex. Civ. Prac. & Rem. Code Ann. § 101.022(c) (West 2011).

We disagree with the City's argument that its duties to Garrett are equivalent to the duties owed to licensees. When a traffic signal malfunctions, and the

5

municipality that is responsible for the signal has notice of the malfunction, the duty the municipality owes to the travelling public is to use ordinary care to reduce or eliminate the unreasonable risk of harm posed by the malfunction within a reasonable time after being notified of the absence, condition, or malfunction of a traffic signal. *Id*. § 101.022(b) (West 2011), *id*. § 101.060 (West 2011). In cases involving malfunctioning signals, a city's duty is not limited to the duties owed to licensees. *Compare id.* § 101.022(c) (limiting a governmental unit's duties for claims arising from conditions categorized as premises defects to the duty owed to a licensee), *with id.* § 101.022(b) (explaining that the limitations in section 101.022 do not apply in cases where the governmental unit has knowledge of the absence, condition, or malfunction of a traffic signal).

We are also not persuaded that the trial court abused its discretion by failing to accept the City's arguments on the degree of the hazard posed by the light and causation. The proper function of a plea to the jurisdiction "does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction." *See Blue*, 34 S.W.3d at 554. Based on the pleadings and the jurisdictional evidence before it, and given the lack of evidence as to whether a thirty to ninety minute delay in correcting the hazard posed by the malfunction in the light would be unreasonable, the trial court did not

abuse its discretion by allowing the parties additional time to fully develop whether the City's failure to respond and repair the stoplight or otherwise reduce the hazard posed by the malfunction in the stoplight was negligent. *Id.* We overrule the City's sole issue, and we affirm the trial court's ruling denying the City's plea.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 5, 2015
Opinion Delivered December 10, 2015

Before Kreger, Horton, and Johnson, JJ.